Commonwealth ex rel. Baldwin, Appellant, *v.* Applebee.

Argued April 22, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*T. P. Dunn,* for appellant.

*Damian J. McLaughlin,* First Assistant District Attorney, with him *Burton R. Laub,* District Attorney, for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is an appeal from an order of the Court of Common Pleas of Erie County, dismissing a writ of habeas corpus and directing that G. Daniel Baldwin be remanded to the custody of Joseph C. Applebee, constable, and held for court on a charge of larceny.

On May 3, 1940, P. C. Cunningham swore out an information against Baldwin, charging him with stealing gravel in violation of the Act of June 24, 1939, P. L. 872, Sec. 807 (18 PS 4807) which reads as follows: "Whoever commits larceny, is guilty of felony, and shall, upon conviction thereof, be sentenced to pay a fine not exceeding two thousand dollars ($2000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both."

A preliminary hearing was held before the alderman on May 22, 1940, and testimony was taken. Following this hearing, Baldwin was bound over to court. By stipulation of counsel it was agreed that, in the habeas corpus proceedings before the court below, the proceedings before the alderman and the record in the case should be comprised of (a) the information and (b) the testimony taken before the alderman.

The questions raised on this appeal are, whether the stealing of "gravel" constitutes larceny under the Act of 1939, and whether there is sufficient evidence to hold the defendant to answer to the next term of court.

The evidence against the relator supports the following facts: On or about April 23, 1940, a truck and several workmen, employed by defendant, entered upon the lot of P. C. Cunningham. The workmen then, by means of shovels, loaded gravel from that property into a truck driven by a Mr. Grande, who transported the material to the property of the defendant where certain houses and buildings were under process of construction. There the gravel was unloaded from the truck. Orders had been given the workmen at defendant's warehouse to get gravel and George A. Baldwin, defendant's nephew, after receiving instructions from the defendant to get gravel "somewhere in that Fourth Street area", sent the men down to the prosecutor's lot.

Testifying with reference to the instructions given him by defendant, the witness, George A. Baldwin

stated: "A. Well, Mr. Baldwin told me to get gravel or dirt of some kind, or some kind of dry soil that would be suitable for what we wanted it, somewhere in that Fourth Street area. Due to conversations which we had, it seems to me I got it in my head that that spot would be all right, but at no particular time do I remember that he told me to go to that exact spot. ...... But in remembering as acutely as I can, at no time did he send me to that particular spot, as far as I know. As I thought this over, without being under pressure that I am under now, it seems to me I made a mistake."

Appellee, in his brief, explains that, "It was not deemed necessary to cross-examine him (George A. Baldwin) at great length because Alderman Orr had heard his previous testimony and the alderman was the one to decide whether or not there was probable cause to believe this defendant guilty." The "previous testimony" here referred to, relates to the testimony given by him at his own hearing before the same alderman, on a separate charge against himself. It is too clear for argument that the testimony adduced at that hearing does not properly constitute part of the record in the instant case.

The court below, in its opinion, considered the testimony of George A. Baldwin at the hearing of the instant case, and concluded that the witness "was so vague and indefinite in his testimony that defendant, G. Daniel Baldwin, should be required to answer for this taking." With this conclusion, we cannot agree.

A careful review of the entire testimony fails to establish any facts from which it might reasonably be inferred that the relator in this proceeding had in any manner instructed, authorized or consented to the taking of gravel from the lot of P. C. Cunningham. The mere fact that he had, as the testimony shows, driven by the lot at the time when the shovelling and loading

was going on, does not properly raise the inference that he knew or consented to the taking of gravel from prosecutor's land. Nor does the relator's own testimony, that he spent about half an hour each morning out in the vicinity where the new houses had been built, reasonably support an inference of authorization or consent on his part to the taking of gravel from the Cunningham lot. There is, moreover, no direct evidence, nor, considering the character of the property in question, any evidence from which an inference might properly be drawn, that the relator was at any time *knowingly* in possession of that particular gravel.

Inasmuch as no prima facie case of guilt has, in our opinion, been made out against relator, there is no need to consider the remaining question as to whether the taking of "gravel", under the circumstances of this case, constitutes larceny.

Accordingly, the order of the court below is reversed and it is ordered that the relator be discharged.