Commonwealth ex rel. Stingel *v.* Hess, Warden.

Argued April 11, 1944.   Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Edward E. Petrillo,* for appellant.

*Burton R. Laub,* District Attorney, for appellee.

PER CURIAM, April 18, 1944:

The appellant was charged with 'pandering' (Penal Code of 1939, P. L. 872, sec. 513).   A hearing was had before an alderman and he was bound over for court, and committed to the Erie County Jail.

He then applied for a writ of habeas corpus under the Act of July 1, 1937, P. L. 2664.

Pursuant to that act, the President Judge granted the writ and at the hearing inquired and examined into the proceedings held and the evidence produced before the alderman, sitting as a committing magistrate,

and after hearing and argument dismissed the writ and ordered the prisoner remanded, fixing bail at one thousand dollars, a reasonable amount in the circumstances. The relator appealed to this court.

We are of opinion that the appeal is from an interlocutory order, from which an appeal does not lie.

If, following the examination provided for in the second section of the act, the judge deems that the proceedings had not been conducted in accordance with law or that the evidence produced before the committing magistrate was insufficient to make out a prima facie case, requiring the prisoner to be held for court, and orders the prisoner discharged, the Commonwealth may appeal, for that constitutes a final order, which disposes of the proceeding. See *Com. ex rel. Scolio v. Hess,* 149 Pa. Superior Ct. 371, 27 A. 2d 705.

But a *dismissal of the writ* is not a final order and as an appeal is not specially allowed in the statute, in such event, the relator has no right of appeal until a final judgment has been entered against him following a verdict of guilty. He may be acquitted on the trial.

It is like a refusal to quash an indictment prior to trial. No appeal lies from such an order until a final judgment has been entered on a verdict of guilty. See *In re Quay,* 189 Pa. 517, 42 A. 199; *Com. v. Kephart,* 80 Pa. Superior Ct. 315; *Com. v. Wideman,* 150 Pa. Superior Ct. 524, 28 A. 2d 801.

We realize that we passed upon a similar appeal in *Com. ex rel. Baldwin v. Applebee,* 145 Pa. Superior Ct. 289, 21 A. 2d 93, and reversed the order, but the matter of procedure was not brought to our attention and the interlocutory nature of the order was overlooked by us.

We take notice of it here of our own accord, in order to prevent a flood of unauthorized appeals.

Appeal quashed.