The order of the lower court is affirmed.

Commonwealth ex rel. Tiller, Appellant, *v.* Dye.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*A. N. Brunwasser,* for appellant.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

Relator, on May 14, 1954, presented a petition for writ of habeas corpus to the Court of Common Pleas

of Allegheny County. He alleged therein that he was confined in the Allegheny County Jail on a charge of attempted burglary,[1] and that such detention was illegal as no prima facie case was made out at the preliminary hearing before the magistrate. A hearing was held before Judge THOMPSON on relator's petition. At the hearing relator was present with counsel. It was held that the evidence presented at the preliminary hearing, uncontradicted, was sufficient to warrant the arrest and detention of relator. The rule to show cause was discharged and relator's petition was dismissed. Relator has appealed to this Court.

There is no basis for an appeal to this Court from the dismissal of relator's petition. Relator had been released from jail on bail for his appearance at the habeas corpus hearing, as provided in section 5 of the Act of May 25, 1951, P. L. 415, 12 PS §1905. It appears from the court records that on May 21, 1954, the same day that the court below by its order dismissed relator's petition for writ of habeas corpus, relator filed a bond in the amount of $2,000 for his appearance in the Court of Quarter Sessions of Allegheny County. This was necessary if he was to remain unconfined, as the dismissal of his petition placed him in the status existing prior to the entry of bail for his appearance at the habeas corpus hearing. Relator, having entered bail for his appearance in the Court of Quarter Sessions on the charge for which he was held by the magistrate, is no longer detained[2] by the respondent warden. *Com. ex rel. Spader v. Burke,* 171 Pa. Superior Ct. 289, 90 A. 2d 849. See *Com. v. Weinstein,* 177 Pa. Superior

---

[1] Relator was arrested on May 9, 1954, information was made on May 10, 1954, and hearing before the magistrate was held on May 12, 1954.

[2] See Act of February 18, 1785, §1, 2 Smith's Laws 275, 12 PS §1871; Act of May 25, 1951, P. L. 415, §1, 12 PS §1901.

Ct. 1, 109 A. 2d 235. For this reason alone, the appeal would be dismissed. In addition thereto, the appeal is from an interlocutory order, and, in the absence of a statute authorizing such an appeal, it cannot stand. See *Com. v. Gates,* 98 Pa. Superior Ct. 591, 594; *Com. v. Greenberg,* 136 Pa. Superior Ct. 32, 35, 7 A. 2d 33.

In *Com. ex rel. Stingel v. Hess,* 154 Pa. Superior Ct. 639, 640, 36 A. 2d 848, we said: "If, following the examination provided for in the second section of the act [Act of July 1, 1937, P. L. 2664, 12 PS §1893], the judge deems that the proceedings had not been conducted in accordance with law or that the evidence produced before the committing magistrate was insufficient to make out a prima facie case, requiring the prisoner to be held for court, and orders the prisoner discharged, the Commonwealth may appeal, for that constitutes a final order, which disposes of the proceeding. See *Com. ex rel. Scolio v. Hess,* 149 Pa. Superior Ct. 371, 27 A. 2d 705.

"But a *dismissal of the writ* is not a final order and as an appeal is not specially allowed in the statute, in such event, the relator has no right of appeal until a final judgment has been entered against him following a verdict of guilty. He may be acquitted on the trial." Cf. *Com. ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 122, 106 A. 2d 910.

The writ of habeas corpus may not be used by a relator to effect appellate review of matters requiring determination in another forum. Besides, our appellate courts have repeatedly held that habeas corpus is not available to review the sufficiency of the evidence upon which a conviction is based, as it is not a substitute for an appeal or for a writ of error or for a motion for new trial. *Com. ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397. In the present

case relator's petition was dismissed, after hearing, on the ground that the evidence produced was sufficient to make out a prima facie case requiring relator to be held for court. The order dismissing the petition and refusing the writ was not a final order from which an appeal lies, and furthermore this appeal is comparable to an attempt to invoke habeas corpus to review matters passed on by the trier of the facts at a trial. See *Com. ex rel. Tokarchik v. Claudy*, 174 Pa. Superior Ct. 509, 512, 102 A. 2d 207.

Section 7 of the Act of May 25, 1951, P. L. 415, 12 PS §1907, provides in part: "From the decision of any judge upon any petition for a writ of habeas corpus, or upon any order made pursuant to a hearing on the writ, an appeal may be taken as in other cases."

The words "as in other cases" mean "as in other cases at law." 4 Words and Phrases, Perm. Ed., p. 304. Therefore they preclude a review where the order is interlocutory and not specifically appealable. Otherwise, questions could be raised on appeal which are to be determined at trial and are interlocutory in character. In the absence of disposition of the proceeding by final order it cannot be the subject of review by this Court.

Appeal is dismissed.