Commonwealth ex rel. Sell, Appellant, *v.* Tees.

Submitted October 5, 1955. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside, and Ervin, JJ.

*Russell Sell,* appellant, in propria persona.

*Alfred C. Alspach,* First Assistant District Attorney and *William C. Storb,* District Attorney, for appellee.

Opinion by Wright, J., November 16, 1955:

Russell Sell, an inmate of the Eastern State Penitentiary, petitioned the Court of Common Pleas of Lancaster County for a writ of habeas corpus. The said court entered into a hearing at which Sell was repre-

sented by counsel and testified in person. Subsequently the court filed an opinion and order dismissing the petition. This appeal followed.

The questions presented in appellant's petition were: (1) whether a single bill of indictment may properly include in separate counts three unrelated charges of burglary and larceny and (2) whether trial and conviction on such a bill "could be deemed fair and within the scope of our Federal and State Constitutions".

In his brief before the lower court, counsel for appellant stated that the first question was presented in a prior habeas corpus proceeding, *Commonwealth ex rel. Sell v. Tees,* 176 Pa. Superior Ct. 57, 107 A. 2d 205, and therefore could "not properly be raised in this proceeding". Repetitious petitions for habeas corpus should not be employed as a device to secure appellate review of adjudicated matters: *Commonwealth ex rel. Ridenour v. McHugh,* 179 Pa. Superior Ct. 69, 115 A. 2d 808.

The basis of appellant's present contention is that, under the Fifth Amendment to the Constitution of the United States,[1] and under Article I, section 10, of the Constitution of Pennsylvania,[2] each crime requires a separate indictment because the words "crime" and "offense", respectively, are used in the singular. So far as the Fifth Amendment is concerned, it is sufficient to note that it does not apply to the states, but is a restriction only on the power of the federal government: *Commonwealth ex rel. Berry v. Tees,* 177 Pa. Superior Ct. 126, 110 A. 2d 794. So far as Article I, section 10, of the Constitution of the Commonwealth

---

[1] "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . ."

[2] "No person shall, for any indictable offense, be proceeded against criminally by information . . ."

552

is concerned, it pertains to informations as distinguished from indictments: *Commonwealth v. Wilson*, 134 Pa. Superior Ct. 222, 4 A. 2d 324, and refers exclusively to objectionable practices such as were formerly used in England whereby persons accused were put on trial without inquiry or investigation: *Commonwealth ex rel. v. Francies*, 250 Pa. 496, 95 A. 527.

Even if we assume arguendo that there was in the case at bar a technically improper joinder of counts, appellant's remedy "was by motion to quash or to require the Commonwealth to elect upon what counts it would proceed": *Commonwealth v. Camwell*, 89 Pa. Superior Ct. 339. An objection of this character may not be raised belatedly by habeas corpus. See *Commonwealth ex rel. Howard v. Claudy*, 172 Pa. Superior Ct. 574, 93 A. 2d 906.

The order of the lower court is affirmed.