Commonwealth ex rel. Nichols, Appellant, *v.* Lederer.

Argued September 14, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Samuel Dash,* with him *Dash & Levy,* for appellant.

*Thomas M. Reed,* Assistant District Attorney, with him *Charles L. Durham* and *Domenick Vitullo,* Assistant District Attorneys, and *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., November 16, 1960:

This appeal from the dismissal of a petition for a writ of habeas corpus involves two main questions: (a) the right of appeal and (b) the legality of 42 indictments on which appellant claims. he is being illegally detained.

Appellant is a Bishop in the African Methodist Episcopal Church, in which capacity he is charged in the indictments with having misappropriated funds. They charge various crimes, viz., embezzlement by officer of corporation, embezzlement by trustee, embezzlement by agent, and fraudulent conversion.

The indictments were returned by the grand jury on bills presented to it by the District Attorney under an order of the Quarter Sessions Court (Hon. CURTIS BOK, Judge, now Justice of the Pennsylvania Supreme Court.). The order was based on a petition of the District Attorney which alleged that the defendant was a fugitive. The petition was supported by the affidavit of C. Millbourne Smith, Pastor of the Ruffin Nichols Memorial Church of the African Methodist Episcopal Church, stating that a warrant for the arrest of appellant had been issued by Magistrate Harry J. Ellick of Magistrate's Court No. 20 of Philadelphia but could not be served because on or about May 1, 1956, the appellant had fled from the Commonwealth and was then a fugitive.

Appellant's petition for a writ of habeas corpus complains of his illegal detention by the Detectives of

Philadelphia County under the indictments aforesaid. The indictments are likewise alleged to be illegal and void because they violated the due process clauses of the United States and Pennsylvania Constitutions, as well as the laws of Pennsylvania, having been returned without appellant-relator being afforded a preliminary hearing at which he could be present and heard. They are alleged to be illegal for the further reason that the procedures for the use of "District Attorney Bills" with leave of court were not applicable under the circumstances of this case.

The answer of the District Attorney denied that the relator was either in custody or illegally detained, denied that he was not afforded a preliminary hearing, and averred that all procedures were in accordance with the law.

The case was heard on petition and answer by Honorable B. J. KELLEY, J., who found that "every effort was expended so that relator might be afforded the benefits of the criminal procedure ordinarily available. He himself created the situation which, under our law, enabled the district attorney to seek the court's permission to proceed directly to the grand jury. The court properly allowed the district attorney to seek the indictments without a preliminary hearing and the indictments returned are valid and subsisting and give basis for relator's detention." He dismissed the petition. This appeal followed.

### Right to Appeal

This proceeding was brought in the Common Pleas Court as authorized by the Act of 1951, May 25, P.L. 415 (12 P.S. §1901 et seq.), which transferred jurisdiction to that court from the Quarter Sessions Court in cases where a person is "alleged to be unlawfully imprisoned or detained in any penitentiary, prison, reformatory, house of detention, mental institution, or

other place, (a) within the judge's judicial district, or (b) outside of his judicial district, if the relator was committed by action of any court of the judge's judicial district; Provided, That when relator's detention or confinement is by virtue of sentence after conviction for a criminal offense only a judge of the judicial district of conviction and sentencing shall exercise such jurisdiction." The authority of the court in such cases is expressed in §6 (12 P.S. §1906) : "After hearing the judge shall dismiss the writ, order the discharge of the relator, or make such' other order as shall be appropriate."

Appeals are provided for in §7 (12 P.S. §1907) : "From the decision of any judge upon any petition for a writ of habeas corpus, or upon any order made pursuant to a hearing on the writ, an appeal may be taken as in other cases. When the basis of the petition is an alleged defect or illegality in a criminal proceeding, the appeal shall be to the court which has appellate jurisdiction in cases. involving the crime with which the person imprisoned or detained is charged or of which he has been convicted."

We have interpreted the appeal provision to mean that it was not intended to change the law stated in *Commonwealth ex rel. Stingel v. Hess,* 154 Pa. Superior Ct. 639, 36 A. 2d 848, to the effect that there is no. right of appeal from an interlocutory order. *Commonwealth ex rel. Tiller v. Dye,* 177 Pa. Superior Ct. 388, 110 A. 2d 748.

Appellant relies heavily on the case of *Commonwealth ex rel. DiDio v. Baldi,* 176 Pa. Superior Ct. 119, 106 A. 2d 910, to support his appeal. That case does not rule on the right to appeal from an interlocutory order but was decided on the basis of jurisdiction, on the "fundamental contention that the magistrate had no jurisdiction of his person." It involved an arrest without warrant or process of any kind. For

that reason, we think that it readily may be distinguished from our present case, wherein appellant's detention, if he was detained, was on the basis of indictments returned by the grand jury.

This, of course, brings us to the question of what is interlocutory and what is final. The *Tiller* case involved the sufficiency of the evidence presented to the committing magistrate. In the *Stingel* case, which also involved evidence submitted to the committing magistrate, the order dismissing the writ was held interlocutory because "he may be acquitted on the trial."

*Petition of M. S. Quay et al.,* 189 Pa. 517, 42 A. 199; *Commonwealth v. State Treasurer,* 80 Pa. Superior Ct. 315; and *Commonwealth v. Wideman,* 150 Pa. Superior Ct. 524, 28 A. 2d 801, considered motions to quash indictments and held orders refusing to quash to be interlocutory.

It readily appears that appellant is endeavoring to use this habeas corpus procedure to quash or nullify the indictments and to have the action of the Quarter Sessions Court, in allowing the presentment of the bills on which the indictments were predicated, also nullified without first appealing to that court. The usual remedy for attacking the indictments in the Quarter Sessions Court is still available. Since he may proceed with that remedy or, as stated in the *Tiller* case, "he may be acquitted on the trial," the order dismissing appellant's petition is not final.

The record shows that appellant originally resorted to that procedure in this case. He filed a motion in the Quarter Sessions Court to quash the indictments and subsequently withdrew it for some unexplained reason.

Habeas corpus is an extraordinary remedy and is available only in exceptional cases after other remedies have been exhausted or where other remedies are in-

effectual or nonexistent. *Commonwealth ex rel. Mc-Glinn v. Smith,* 344 Pa. 41, 24 A. 2d 1. The writ is not available when adequate relief may be had from proceedings which will take place in regular course. *Commonwealth ex rel. Scott v. McAleese,* 192 Pa. 410, 43 A. 1079; and relief by habeas corpus cannot be had when the legality of petitioner's detention can be determined by motion. *Commonwealth ex rel. Sell v. Tees,* 179 Pa. Superior Ct. 549, 117 A. 2d 813.

Appellant argues that he has no right to raise the question involved in his petition in any other proceeding and cites the cases of *Commonwealth v. Evans,* 190 Pa. Superior Ct. 179, 154 A. 2d 57, and *Commonwealth v. Murawski,* 101 Pa. Superior Ct. 430. Our understanding of the *Evans* case does not indicate support for appellant's argument. Although it is stated therein, "Ordinarily, alleged defects or irregularities in the proceedings preliminary or antecedent to the indictment may not be considered on a motion to quash", citing *Commonwealth v. Gross,* 172 Pa. Superior Ct. 85, 92 A. 2d 251, it is further stated, "A motion to quash which is based upon the allegation of extraneous factors should not be sustained unless it clearly appears that the defendant has been harmed by some improper conduct that interfered with his substantial rights." That is precisely what appellant contends in this case. He contends that his constitutional rights have been violated by the court, itself, in permitting the bills of indictment to be presented to the grand jury without first affording him a preliminary hearing. This is far different from the extraneous matter alleged in the *Evans* case (a speech of the Governor the night before the investigating grand jury met) and that referred to in the *Gross* case (knowledge of the indicting grand jury that the indictments had been recommended by the special grand jury).

*Commonwealth v. Murawski,* supra, is also unsupporting. It holds merely that irregularities in the preliminary proceedings before the committing magistrate are cured by the indictments and may not be raised by motion to quash.

Here we have an attempt by appellant to have the order of the Quarter Sessions Court reviewed, as on appeal, by the Common Pleas Court in a habeas corpus proceeding without first affording the court which made the order an opportunity to consider it. This is an effort to obtain more than a release from custody; it seeks to nullify the order of the other court. Many times on appeals to this Court we have said that an appeal will not lie unless the question has been raised in the lower court and has been ruled on by it. *Zoni v. Mutual Life Insurance Company of New York,* 153 Pa. Superior Ct. 1, 33 A. 2d 445; *Hahn v. Hahn,* 135 Pa. Superior Ct. 39, 4 A. 2d 821, and, further, we said in the *Tiller* case, "The writ of habeas corpus may not be used . . . to effect appellate review of matters requiring determination in another forum."

*Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666, is a recent example of the use of a motion to quash an indictment as a means of raising the very question involved here, failure to afford defendant the opportunity to be present at a preliminary hearing. See also *Commonwealth v. Green,* 126 Pa. 531, 17 A. 878.

We conclude that appellant is not precluded from raising in the Quarter Sessions Court the question involved here. It should, in all propriety, be raised there. Therefore, since that remedy is open to him, the order of the Common Pleas Court dismissing his petition for a writ of habeas corpus is interlocutory and this appeal should be quashed.

Since we have concluded that this appeal is improper, we shall not decide the merits of the case.

They should first be finally determined by the Quarter Sessions Court.

Appeal quashed.