Commonwealth ex rel. Tabb, Appellant, *v.* Youth Study Center Superintendent.

Argued April 30, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Cecil B. Moore,* for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Louis F. McCabe,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May 21, 1962:

Two fourteen year old boys, Lincoln Tabb and Moses McDuffie, on March 6, 1961 were arrested in Delaware County and charged with larceny of an automobile. While in custody, Tabb and McDuffie, made statements which, if true, implicated them in a murder which had taken place on February 25, 1961 in Philadelphia. Tabb and McDuffie were taken to Philadelphia where they were interviewed, first, by a police officer assigned to the juvenile aid division, and, later by members of the homicide squad. Allegedly, both boys made oral confessions, later reduced to writing, and reenacted the crime. On May 8, 1961, both boys were taken before Judge SPAULDING of the Municipal (now County) Court of Philadelphia to determine whether the boys should be held for grand jury action. At this hearing testimony was taken as to the cause of death, the circumstances which surrounded the making of both the oral and written confessions and the mental stability of the boys but the confessions were not introduced into evidence. At that hearing Tabb's counsel sought to have all the statements allegedly made by the boys suppressed upon the theory that at the time the statements were made the boys were under the jurisdiction of the juvenile court and also to have the boys

discharged from custody. Judge SPAULDING held the boys for grand jury action.

On May 23, 1961, Tabb's counsel secured a rule upon the superintendent of the Youth Study Center, Tabb's custodian, to show cause why Tabb should not be discharged from custody and this rule came on for hearing before Judge ALEXANDER of the Court of Common Pleas No. 4 of Philadelphia County. Motions were then made both for the suppression of all statements, oral and written, made by Tabb and for his discharge from custody. Judge ALEXANDER, holding that a *prima facie* case of murder had been established, refused to discharge Tabb from custody and ruled that the question of the admissibility into evidence of Tabb's statements was for the determination of the trial judge at the time of Tabb's trial. From that order this appeal was taken.

It is Tabb's position that the procedure adopted by the juvenile court of basing certification to the court of quarter sessions on the self-incriminating statements made by Tabb to the police was a violation of Tabb's constitutional right of freedom from self-incrimination. Tabb contends that statements made to a representative of the juvenile aid division were made while he was under juvenile court jurisdiction and, therefore, inadmissible.

This question cannot be raised on this appeal in a habeas corpus proceeding because the order from which the appeal is taken is an interlocutory order from which an appeal will not lie: *Commonwealth ex rel. Nichols v. Lederer,* 193 Pa. Superior Ct. 482, 485-490, 165 A. 2d 711, aff'd. 404 Pa. 218, 172 A. 2d 319; *Commonwealth ex rel. Tiller v. Dye,* 177 Pa. Superior Ct. 388, 110 A. 2d 748; *Commonwealth ex rel. Stingel v. Hess,* 154 Pa. Superior Ct. 639, 36 A. 2d 848. Under the circumstances, therefore, this appeal must be quashed.

Appeal quashed.