## Commonwealth ex rel. Fisher, Appellant, v. Stitzel.

Argued April 28, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Peter F. Cianci*, with him *Jane Ludwig Worley*, for appellant.

*Ralph J. Althouse, Jr.*, Assistant District Attorney, with him *W. Richard Eshelman*, District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1965:

This is an appeal by Larry Fisher, who was charged with the murder of his grandmother, Anna Fisher. From an Order of the lower Court dismissing relator's pre-indictment petition for a writ of habeas corpus, this appeal was taken.

The Pennsylvania State police, on June 20, 1964, conducted a general investigation into the death of Anna Fisher, who died as the result of "asphyxia." Many persons, including the relator, were questioned in an attempt to discover the cause of Mrs. Fisher's death. Relator's varied and contradictory answers aroused the suspicion of the police. Relator was then requested to accompany the officer to the police barracks for further questioning. Relator accompanied the officer voluntarily and was not under arrest at that time. En route to the police barracks, relator at one point said, "I'm afraid I'll be electrocuted if I tell the truth"; and "I killed my grandmother."

When they arrived at the barracks, relator answered the police officer's questions and then signed a written statement which conformed with his oral statements. After relator swore to the truth of the contents of his written statement (before an alderman), a warrant of arrest was served upon him and he was committed to Berks County Prison.

Relator, who was 17 years of age, did not ask to see or consult any lawyer, relative or other person during his interrogation, nor did the interrogating police officer tell the relator that he could consult a lawyer,

or that anything he said would be used against him. It would appear from the record that no threats or promises or inducements were made to the relator.

On August 13, 1964, the lower Court appointed counsel for the relator upon his petition averring that he was an indigent. On August 28, 1964, the preliminary hearing was held before an alderman in the presence of the relator and his counsel, following which relator was bound over for action by the grand jury.

On September 2, 1964, relator's counsel filed a petition for habeas corpus and secured a rule upon the District Attorney to show cause why relator should not be discharged from custody. At the hearing of this petition (and rule), motions were made both for the suppression of all oral and written statements made by relator, and for his discharge from custody. The lower Court dismissed the petition. From that Order this appeal was taken.

It is relator's contention that the oral and written statements, made without the benefit of counsel, constituted a violation of his Constitutional rights, and that (1) his confessions should be suppressed and (2) that he should be discharged because without these statements the record is devoid of any evidence connecting and implicating the relator with the death of Mrs. Fisher.

Motions for suppression of alleged confessions, like motions questioning the voluntariness of an alleged confession, should be made before trial, and may also be made at trial. Cf. *Commonwealth v. Patrick*, 416 Pa. 437, 206 A. 2d 295; *Com. ex rel. Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758; *Com. ex rel. Linde v. Maroney*, 416 Pa. 331, 206 A. 2d 288; *Commonwealth v. Coyle*, 415 Pa. 379, 203 A. 2d 782. See also, Pa. R. Crim. P. 323 and Pa. R. Crim. P. 324, which becomes mandatory September 15, 1965.

However, a *defendant* cannot raise these questions on this appeal because the Order from which the appeal is taken is *an interlocutory order* from which an appeal will not lie: *Com. ex rel. Tabb v. Youth S. C. Super.*, 407 Pa. 466, 183 A. 2d 317. See also, *Com. ex rel. Nichols v. Lederer,* 193 Pa. Superior Ct. 482, 485-490, 165 A. 2d 711, aff'd 404 Pa. 218, 172 A. 2d 319. Therefore, under these facts and circumstances, this appeal must be quashed.

Appeal quashed.