## Commonwealth *v.* Bruno, Appellant.

Argued November 23, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel L. Quinlan, Jr.,* for appellant.

*Richard S. Lowe,* District Attorney, with him *Henry T. Crocker* and *Richard A. Devlin,* Assistant District Attorneys, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 4, 1967:

This is an appeal from the Order of the Court of Oyer and Terminer and General Jail Delivery appointing a sanity commission for defendant.

On April 26, 1966, the defendant, John Harry Bruno, was arrested on several charges, including the commission of five homicides. He was arraigned on April 27, 1966, and given a preliminary hearing before a Justice of the Peace on May 4, 1966. At the preliminary hearing defendant was held without bail for the action of the Grand Jury.

The District Attorney, on May 13, 1966, filed a petition for defendant's commitment to a mental institution.* This petition was filed under §§344 and 345 of the Mental Health Act (Act of June 12, 1951, P. L. 533, §§344-345, as amended, 50 P.S. §§1224-1225 (Supp).

---

* In the judgment of the writer of this Opinion, the petition of the District Attorney was in the interest of fairness, mercy and Justice for the accused.

On May 13, 1966, defendant's attorney filed a motion to dismiss the petition; the District Attorney filed an answer praying that defendant's motion be dismissed. In the meantime, the Grand Jury on June 2, 1966 indicted defendant on five bills of indictment, each of which charged defendant with murder. On July 6, 1966, the Court of Oyer and Terminer (1) dismissed defendant's motion to dismiss the Commonwealth's petition for appointment of a sanity commission and (2) appointed a sanity commission. From this Order, defendant filed this appeal to this Court.

The appeal must be quashed because it is an appeal from an interlocutory Order. In *Commonwealth v. Byrd,* 421 Pa. 513, 219 A. 2d 293, the Court said (page 517) : ". . . Defendant admits that ordinarily no appeal would lie from an order granting a neuro-psychiatric examination prior to trial, or before final judgment has been entered, since such orders are generally interlocutory and unappealable. However, he contends that while this Order is interlocutory, it is an appealable Order because it falls within the 'exceptional circumstances' doctrine enunciated in Commonwealth v. Kilgallen, 379 Pa. 315, 320, 108 A. 2d 780, which permits appeals (1) in cases where basic human rights or (2) public interest of great importance are involved, or (3) to prevent a great injustice to a defendant. . . ."

The Order appealed from is interlocutory; at this stage it is not final, it is not prejudicial to the defendant and it "does not fall within 'the exceptional circumstances doctrine,' and therefore the appeal must be quashed." *Commonwealth v. Novak,* 384 Pa. 237, 120 A. 2d 543; cf. also *Commonwealth ex rel. Fisher v. Stitzel,* 418 Pa. 356, 211 A. 2d 457; *Commonwealth ex rel. Tabb v. Youth S. C. Super.,* 407 Pa. 466, 183 A. 2d 317; *Commonwealth ex rel. Nichols v. Lederer,* 193 Pa. Superior Ct. 482, 485-490, 165 A. 2d 711, affirmed 404 Pa. 218, 172 A. 2d 319.

Appeal quashed, without prejudice.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the Court's action in this case. Cf. *Commonwealth v. Byrd*, 421 Pa. 513, 519, 219 A. 2d 293, 296 (1966) (dissenting opinion). In my view a more appropriate disposition would be to remand this matter to the court below with leave to the parties to proceed under the new and now controlling Mental Health and Mental Retardation Act of 1966.* Such a remand would, of course, imply no view as to whether application of the new act to the defendant would violate his right to a speedy trial or any other constitutional guarantee.

---

* Act of October 20, 1966, P. L.    , §§101-704, 50 P.S. §§4101-4704; effective, January 1, 1967.