Commonwealth *v.* Brown, Appellant.

Argued June 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

The appellant contends that he is entitled to a new trial because the trial judge, Honorable NICHOLAS CIPRIANI, sitting without a jury, should have suppressed evidence of a pistol seized without a search warrant.[1] Appellant was arrested and charged with aggravated robbery, burglary, violating the Uniform Firearms Act and pointing a firearm, arising out of a March 4, 1972, robbery of a poultry store. A demurrer was sustained to the charge of violating the Uniform Firearms Act, and appellant was sentenced to one to five years in prison on the robbery count. Sentence was suspended on the other counts.

Although the appellant did not file a pretrial motion to suppress the weapon used in the crime, he contends that the gun introduced at trial should have been suppressed. Appellant asserts he did not file a motion to suppress because defense counsel was unaware that a gun had been seized. The evidence adduced before the lower court refutes this allegation. Several days after the robbery, the appellant appeared at the police station and sought to have his gun returned to him. Rule 323(b) of Pa. R. Crim. P. states that "[u]nless the opportunity did not previously exist, or the interests of

---

[1] After a careful reading of the record, the appellant's other contention is dismissed as being without merit.

justice otherwise require, such application [to suppress illegally seized evidence] shall be made only after a case has been returned to court and not later than 10 days before the beginning of the trial session in which the case is listed for trial . . . ." Since appellant failed to comply with this rule, despite his knowledge that the gun had been seized, the lower court correctly refused to suppress the gun. See also, *Commonwealth ex rel. Fisher v. Stitzel*, 418 Pa. 356, 211 A. 2d 457 (1965).

Thus, the judgment of sentence is affirmed.