## Commonwealth v. Guida

*Leo Breznik, district attorney,* for the Commonwealth.

*Paul J. Datte,* for defendant.

RUBRIGHT, *J.* September 25, 1990—This matter is presently before the court on a petition for writ of habeas corpus filed by defendant. Counsel have agreed to have the court dispose of the matter based upon a review of the transcript of the preliminary hearing. We are now prepared to do so.

The evidence presented at the hearing established the following: On January 20, 1990, Trooper William C. Bandholz of the Pennsylvania State Police investigated a fire which had taken place the previous evening at 17-23 West Centre Street in Mahanoy City, Schuylkill County, Pennsylvania. There were two buildings involved. One of the buildings was a personal care center and the other was an apartment building. One resident of the personal care facility died as a result of the fire. Trooper Bandholz determined that the fire, which started in an unoccupied ground-floor apartment in the apartment

building, was arson, having been started with kerosene. Elwood Hopkins, who lived in an adjacent apartment, has been charged with arson and homicide.

Jason Sivak testified at the preliminary hearing that he had gone to Elwood Hopkins' apartment at approximately 6:15 p.m. on January 19, 1990. When he arrived, Elwood Hopkins, his son, Guy, and defendant were present. Sivak sat down with them and talked. At one point, Elwood Hopkins picked up a kerosene jug and matches and left the apartment. He returned a few minutes later and said to everyone in the apartment, "Let's go." They all got up and left the apartment. Sivak stated that when he walked down the hallway, he saw smoke and flames, mostly smoke, coming from the apartment next to Hopkins'. They all walked down the hall together and, according to Sivak, the smoke and flames were so obvious that no one could have missed them.

As a result of the fire, defendant has been charged with failure to control and report dangerous fires, 18 Pa.C.S. §3301(c)(2), and failure to prevent a catastrophe, 18 Pa.C.S. §3303(2). He now argues that the Commonwealth failed to present sufficient evidence at the preliminary hearing to establish a prima facie case.

The primary purpose of a preliminary hearing is to protect the individual against unlawful detention. *Commonwealth v. Prado,* 481 Pa. 484, 393 A.2d 8 (1978). In order for the court to properly issue a writ of habeas corpus, it must find that the prosecution failed to establish a prima facie case at the preliminary hearing. The Commonwealth bears the burden of establishing, at least prima facie, that a crime has been committed and that the accused is the one who committed it. *Commonwealth v. Wojdak,* 502 Pa.

359, 466 A.2d 991 (1983). In order to sustain this burden, the Commonwealth need not produce evidence of such character and quantum of proof as to require a finding by the jury of the accused's guilt beyond a reasonable doubt. However, the evidence must be such as to present sufficient probable cause to believe that the accused has committed the offenses charged. The evidence should be such that, if presented at trial and accepted as true, the judge would be warranted in allowing the case to go to the jury. *Commonwealth ex rel. Scolio v. Hess,* 149 Pa. Super. 371, 27 A.2d 705 (1942).

In order to establish a prima facie case on the charge of failure to control and report dangerous fires, the Commonwealth must show that defendant knew that a fire was endangering the life or property of another, that he failed to take reasonable measures to put out or control the fire or give a prompt fire alarm, and that the fire was started by him or with his consent, or on property in his custody or control. We find that the Commonwealth failed to establish that the fire was started by defendant or with his consent or on property in his custody or control. The only evidence presented showed that Sivak saw Elwood Hopkins leave the apartment with kerosene and matches. There was no evidence that Hopkins said he was going to start a fire or that defendant even saw him leave the apartment. Finally, there was no evidence that the property was in defendant's custody or control. For these reasons, we find that the Commonwealth failed to establish a prima facie case on the charge of failure to control and report dangerous fires.

In order to establish a prima facie case on the charge of failure to prevent a catastrophe, the Commonwealth must show that defendant did or assented to the act causing or threatening the catas-

trophe. Once again, the Commonwealth has failed in its proof because there was no evidence that defendant was aware that Hopkins was going to start a fire. Therefore, the Commonwealth did not establish a prima facie case on that charge.

Accordingly, we enter the following

## ORDER OF COURT

And now, September 25, 1990, upon consideration of the preliminary hearing transcript, the court finds that the Commonwealth failed to establish a prima facie case against defendant on the charges against him, and it is hereby ordered that defendant's petition for writ of habeas corpus is granted and defendant shall be discharged.