## Pittsburgh *v.* Pierce, Appellant.

*Appeals—Academic question—Summary conviction—Suspicious person—Quashing appeal.*

An appeal which presents merely an academic question will be quashed.

Where a person is summarily convicted by a police magistrate in Allegheny County of being a suspicious person, and pays a fine under protest, but thereafter the County Court on appeal, although adjudging the defendant not to be a suspicious person, holds as a matter of law that the question as to whether he was a suspicious person was to be determined by the circumstances as they appeared at the time of the arrest, and not upon facts as they appeared at the time of the hearing, and subsequently the court enters an order, obviously pro forma for purposes of an appeal, adjudging the defendant guilty, and imposing a fine upon him, an appeal from such order will be quashed, inasmuch as its only purpose is to have the appellate court decide academically the question of law referred to by the court below.

*Appeals—County Court of Allegheny County—Certiorari—Sum-*

*mary conviction — Quashing appeal — Certification to Supreme Court.*

There is nothing in the legislation relative to the County Court of Allegheny County which vests the Superior Court with jurisdiction to hear an appeal from a judgment of the County Court acquitting and discharging a defendant who had been summarily convicted before a magistrate.

The statutes permitting exceptions in criminal cases do not apply to summary convictions. They are reviewed upon certiorari which brings up only the record of which the evidence is no part. Where such a record is brought up by certiorari to the Superior Court, that court is without authority to certify the case to the Supreme Court.

Argued May 2, 1917.   Appeal, No. 131, April T., 1917, by defendant, from judgment of County Court, Allegheny Co., at No. 285, of 1916, on verdict of guilty in case of City of Pittsburgh v. William Pierce, otherwise William Pierce Peters.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Appeal quashed.

Appeal from summary conviction before a police magistrate for violation of a city ordinance.

The record shows that the defendant was summarily convicted before the magistrate of being a suspicious person.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order overruling exceptions as follows:

"Now, August 15, 1916, the foregoing exceptions being presented in open court, on consideration thereof, the court being of the opinion that the defendant should be convicted of the charge of being a 'suspicious person who can give no reasonable account of himself' because he failed to give a reasonable account of himself to the officer who arrested him under suspicious circumstances, although at the hearing before the court he gave a reasonable account of himself at the time of his arrest, and

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.

satisfied the court he was not a suspicious person, the exceptions are overruled, and bills of exception are sealed for the defendant."

*Ward Bonsall,* with him *John N. English* and *James H. Gray,* for appellant.

*U. G. Vogan,* with him *C. A. O'Brien* and *Peter Glick,* for appellee.

OPINION BY PORTER, J., July 10, 1918:

The appellant was adjudged guilty, by a police magistrate of the City of Pittsburgh, of violation of a city ordinance, which the city by an act of assembly was expressly authorized to ordain, was fined five dollars, which fine he paid, under protest. After having paid his fine he presented his petition to the County Court of Allegheny County praying for an appeal and a hearing de novo, which appeal the court below allowed. The county court adjudged the defendant not guilty and discharged him. The defendant, this appellant, did not seem to be satisfied with the grounds upon which the county court had adjudged him not guilty and, on May 1, 1916, presented his petition to the court setting forth that, on March 10, 1916, his case had been heard before Judge KENNEDY, of the county court, who after hearing the evidence, dismissed him, stating that he was not a suspicious person. That Judge KENNEDY had subsequently asked counsel for briefs and a reargument and that the case had been reargued before Judge KENNEDY and Judge McKENNA and "that on April 13, 1916, Judge KENNEDY filed an opinion wherein he refused to reverse his oral decision at the hearing," but in which he held as matter of law that the question as to whether the defendant was a suspicious person was to be determined by the circumstances as they appeared at the time of the arrest by the officer, and not upon the facts as they appeared at the time of the hearing. The petition further

set forth that Judge McKenna was of opinion that the guilt or innocence of the defendant was to be determined by the facts disclosed at the hearing. The petition stated that "the decision as filed is uncertain and vague and that it is of great importance that your honorable court establishes a fixed rule or policy, or that a case be presented in such manner that an appeal may be taken if defendants desire, and that there are many such cases brought before the court on appeal." Upon this petition, of May 1, 1916, the court below permitted the question to be reargued, and on June 16th, filed an opinion asserting the doctrine that "the magistrate in determining whether or not one is justly accused of being a suspicious person must be governed by the account which the accused gave of himself at the time of his arrest, and not the explanation which he might be able to give at the time of the hearing before the magistrate." The court, on the same day, filed an order stating, "The defendant is found guilty and is convicted of the offense charged against him, that of being a suspicious person, and it is hereby adjudged that the said William Pierce, defendant, has forfeited the sum of five dollars and costs of suit, and in default of payment thereof that he be committed to the Allegheny County jail for a period of five days." We have too much respect for the learning and ability of the court below to even suspect that it was intended that this order should operate as a sentence of the defendant, whom it had already adjudged not guilty and discharged. That it was merely intended as a sentence pro forma, from which it is supposed the defendant might appeal, is made clear by what followed. The defendant neither complied with the sentence nor gave bail to submit himself to the court at some time in the future. He did nothing until August 15th, when he filed exceptions, which the court overruled and sealed a bill of exceptions for the defendant. He again remained quiescent until December 12, 1916, when he appealed to this court. If the order of June 16th, above referred to, was

in fact a sentence then it is made manifest by the record that that sentence must have been fully complied with long before the defendant attempted to assert his supposed right of appeal to this court.

We have thus fully stated the facts disclosed by the record in this case in order to make clearly appear a practice which is not to be encouraged. We have after mature reflection been unable to find any ground upon which there was any justification for this appeal. The Commonwealth has constituted its appellate courts for the purpose of rectifying the wrongs of "parties aggrieved" by the decisions of the courts of original jurisdiction. It is no part of the functions of the courts to decide academic questions. There can be no doubt that we are in this case asked to decide an academic question and the appeal must for that reason be quashed.

The jurisdiction of the Superior Court is purely statutory. The statutes allow appeals to this court from all proceedings in the Court of Quarter Sessions of the peace, from decisions of the courts of oyer and terminer and general jail delivery in all cases except felonious homicide, from decisions in certain proceedings in the Courts of Common Pleas and Orphans' Courts, and from orders of the Public Service Commission. The statutes which confer the jurisdiction, in criminal matters, limit it to appeals from particular courts and do not extend it to all criminal cases without regard to the courts from which the appeals come. There is nothing in the legislation relating to the County Court of Allegheny County, which vests the Superior Court with jurisdiction to hear appeals coming directly from the court first named in cases of the character here presented. The party who invokes the jurisdiction of the Superior Court must show statutory authority for so doing: Commonwealth v. Atlantic Refining Co., 67 Pa. Superior Ct. 551. The Supreme Court is vested with the powers of the King's Bench in criminal cases and has general supervisory power over such proceedings, which it exercises with ex-

treme caution and only in clear cases. An appeal to the Supreme Court in cases of the character of that with which we are now dealing is not of right, in order that such cases may be reviewed by that tribunal a writ of certiorari must be allowed by the court or a judge thereof: Commonwealth v. Balph, 111 Pa. 365; Commonwealth v. Delamater, 145 Pa. 210; Commonwealth v. Smith, 185 Pa. 553; Quay's Petition, 189 Pa. 517. Any attempt in a summary conviction case of the character of that with which we are now dealing to bring the evidence upon the record by exceptions is irregular. The statutes permitting exceptions in criminal cases do not apply to summary convictions. They are reviewed upon certiorari, which brings up only the record, of which the evidence is no part. We are, therefore, without authority to certify this appeal to the Supreme Court.

The appeal is quashed.