Commonwealth *v.* Myers, Appellant.

318

Argued April 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Daniel H. Greene,* for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, July 1, 1974:

Appellant, James E. Myers, was indicted in 1969 on charges of murder and aggravated robbery. Due to numerous delays he was never brought to trial. On August 1, 1973, appellant filed an Application to Quash Indictments on the ground that he had been denied his right to a speedy trial. After a hearing on the application and an oral motion for habeas corpus on the same

ground appellant was released on bail in the amount of $20,000. However, relief on the application and oral motion was denied by Judge Levy ANDERSON in an Order filed October 16, 1973. Following an appeal to this Court from that Order, the Commonwealth-appellee filed a motion to quash the appeal on the ground that in its present posture the appeal to this Court is interlocutory. Having heard argument on the motion we agree with the Commonwealth and hereby remand the case for trial. In view of our finding that the appeal is interlocutory we express no view on the correctness of the ruling by the court below.

It is unquestionably the law that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. A denial of a motion to quash an indictment is such an interlocutory order and an appeal therefrom will be quashed. *Commonwealth v. Bunter,* 445 Pa. 413, 418, 282 A.2d 705, 707 (1971), citing *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A.2d 780 (1954). In *Commonwealth v. Warfield,* 424 Pa. 555, 227 A.2d 177 (1967) this Court, using this rationale, disallowed an appeal from a refusal to quash an indictment attacked on grounds of double jeopardy.[1]

Although both the *Bunter* case and the *Kilgallen* case allowed the appeals despite their interlocutory character, neither case is controlling here. The *Bunter* Court, faced with a record devoid of any hearing by the court below on the speedy trial issue, remanded the case with the direction that such a hearing be held in order to properly preserve the issue for subsequent appellate review.

The Court in the *Kilgallen* case permitted the otherwise interlocutory appeal because the case involved ex-

---

[1] *But see, United States v. Lansdown,* 460 F.2d 164 (4th Cir. 1972).

traordinary circumstances dealing with criminality among public officials, particularly a City Council President and therefore, the effect on the public interest from the nature of the charges made it imperative that the validity of the indictments be decided immediately. See *Commonwealth v. Washington,* 428 Pa. 131, 137, 236 A.2d 772, 775 (1968).

In the instant case where there *was* a hearing below on the issue of speedy trial and the only question is whether the Order resulting from that hearing should be reviewed now or upon completion of the trial and rendering of the judgment of sentence, we cannot say that "denial of immediate review would render impossible any review whatsoever of [the] individual's claim," *United States v. Ryan,* 402 U.S. 530, 533 (1971). There is nothing here to contradict our conviction that appellant's right to a speedy trial can be adequately protected in review following trial.[2] We note also that where the right involved is the right to a speedy trial and the accused, as here, has been released on bail there is little significant prejudice to him in quashing his appeal. Cf. *Barker v. Wingo,* 407 U.S. 514, 519-520 (1972).

The motion to quash the instant appeal is granted and the matter is to be remanded for trial forthwith.

---

[2] The fact that the court in part entertained the matter as a writ of habeas corpus does not alter this result. While denial of habeas corpus is generally reviewable, Act of May 25, 1951, P. L. 415, §7, 12 P.S. §1907, it cannot be used to circumvent normal appellate procedures.

*Commonwealth ex rel. Nichols v. Lederer,* 193 Pa. Superior Ct. 482, 486, 165 A.2d 711 (1960).

"We have interpreted [§7] to mean that it was not intended to change the law stated in Commonwealth ex rel. Stingel v. Hess, 154 Pa. Superior Ct. 639, 36 A.2d 848, to the effect that there is no right of appeal from an interlocutory order. Commonwealth ex rel. Tiller v. Dye, 177 Pa. Superior Ct. 388, 110 A.2d 748."

DISSENTING OPINION BY MR. JUSTICE ROBERTS and
MR. JUSTICE MANDERINO:

We dissent. In our view, this Court should reach
the merits of appellant's claim, raised by a petition for
habeas corpus, that he was denied his constitutional
right to a speedy trial. See Act of May 25, 1951, P.L.
415, § 7, as amended, 12 P.S. § 1907 (Supp. 1974).