## Commonwealth *v.* Bennett, Appellant.

Argued December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Alfred P. Filippone,* for appellant.

*Carolyn Engel Temin,* Assistant District Attorney, with her *Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 22, 1975:

Appellant, Garfield Bennett, was arrested on November 27, 1973, and charged by criminal complaint with robbery, burglary, kidnapping threats, aggravated assault and battery, and various other crimes. Indictments were returned on December 12, 1973, and the case was listed for trial on January 2, 1974. The case was not tried then or on many other listed dates due to numerous continuances and delays. On August 23, 1974, two hundred and seventy-three days after the date of the complaint, appellant filed a petition under Rule 1100 of the Pennsylvania Rules of Criminal Procedure seeking dismissal of the charges against him. After a hearing, the lower court denied the petition. This appeal followed. Appellant also filed a petition for special allowance of a supersedeas, which was granted on October 9, 1974, pending disposition of the appeal.

The Commonwealth did not object to the supersedeas, nor does it object to the jurisdiction of this court on appeal. We believe, however, that the issue of appealability is important and therefore raise it *sua sponte*, as is our right. *Davidyan v. Davidyan*, 229 Pa. Superior Ct. 495, 502, 327 A.2d 139, 142 (1974).

"The Superior Court derives all its jurisdiction and powers from statute. *See Duquesne City v. Fincke*, 269 Pa. 112, 115, 112 A. 130; *Commonwealth v. Long*, 276 Pa. 154, 156, 120 A. 125; *Commonwealth ex rel. v. Speer*, 267 Pa. 129, 134, 110 A. 268; *cf. Pittsburgh v. Pierce*, 69 Pa. Superior Ct. 520, 524. Hence, no right of appellate review exists in that court in any instance except it be expressly authorized by statute." *Commonwealth v. Guardiani*, 226 Pa. Superior Ct. 435, 437, 310 A.2d 422, 423-24 (1973), quoting from *Commonwealth v. Harris*, 409 Pa. 163, 171 185 A.2d 586, 590 (1962).

The statute authorizing appeals to the Superior Court is the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, 17 P.S. §211.101 *et seq.* This Act authorizes the court to hear appeals from final orders. Section 302 of the Act provides: "The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." The first question then is whether the order denying appellant's petition is a final order.

Ordinarily all pre-trial orders are considered interlocutory and not appealable. *Commonwealth v. Rucco*, 229 Pa. Superior Ct. 247, 324 A.2d 388 (1974). *See, e.g., Commonwealth v. Sites*, 430 Pa. 115, 242 A.2d 220 (1968); *Commonwealth v. Washington*, 428 Pa. 131, 236 A.2d 772 (1968); *Commonwealth v. Bruno*, 424 Pa. 96, 225

A.2d 241 (1967). Accordingly, our courts have held that an order denying a motion to quash an indictment is interlocutory and not appealable. *Commonwealth v. Farris,* 443 Pa. 251, 278 A.2d 906 (1971); *Commonwealth v. Warfield,* 424 Pa. 555, 227 A.2d 177 (1967); *Commonwealth v. O'Brien,* 389 Pa. 109, 132 A.2d 265 (1957); *Commonwealth v. Smith,* 212 Pa. Superior Ct. 403, 244 A.2d 787 (1968); *Commonwealth v. Fudeman,* 186 Pa. Superior Ct. 547, 142 A.2d 473 (1958), *aff'd,* 396 Pa. 236, 152 A.2d 428 (1959), *cert. denied,* 361 U.S. 902 (1958). There are, however, two exceptions to this rule. One, immediate appeals are allowed when the indictment is defective on its face. *Commonwealth v. O'Brien, supra; Commonwealth v. Smith, supra.* Two, the Supreme Court has allowed appeals when exceptional circumstances exist that justify immediate decision.[1] *See Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A.2d 780 (1954); *Commonwealth v. Ragone,* 317 Pa. 113, 176 A. 454 (1935); *Commonwealth v. Trunk,* 311 Pa. 555, 167 A. 333 (1933).

In the specific area of the right to a speedy trial, two cases are controlling. The first is *Commonwealth v. Bunter,* 445 Pa. 413, 282 A.2d 705 (1971). There the defendant sought to quash the indictment because, among other reasons, the Commonwealth had abridged his right to a speedy trial. The lower court denied the motion. On appeal, the Supreme Court was apparently confronted with a record devoid of a hearing on the speedy trial issue. It therefore vacated the lower court order and directed it to conduct a hearing on that issue. The first issue considered by the court in reaching that decision was whether it could hear the appeal at all. In this regard, Mr. Justice EAGEN stated:[2] "Refusal by a court to grant a motion to

---

1. As will become apparent, we do not have to decide whether the Superior Court also has the power to allow appeals under exceptional circumstances.

2. EAGEN, J., wrote a plurality opinion in the result of which POMEROY, J., concurred. BELL, C.J., wrote a dissenting opinion.

quash an indictment is ... an interlocutory order. *Commonwealth v. Kilgallen,* 379 Pa. 315, 108 A.2d 780 (1954). However, as the *Kilgallen* case made clear, the rule prohibiting interlocutory appeal is not one of unyielding inflexibility. When there are special and exceptional circumstances, the defendant may appeal before his trial and conviction from the court's refusal to quash the indictment. One such exceptional circumstance is when an issue of basic human rights is involved ...

> "In light of our disposition of this case, we need not decide the merits of [appellant's] allegation. It is enough for us to hold that the claim of a denial of speedy trial in this case raises an issue of basic human rights and hence is within the rule of the *Kilgallen* case. Such a conclusion is compelled by the recent decision of the United States Supreme Court in *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564 (1970). Chief Justice BURGER, writing for the majority, said that 'the right to a prompt inquiry into criminal charges is *fundamental* and the duty of the charging authority is to provide a prompt trial.' 398 U.S. at 38 [Emphasis supplied]." *Id.* at 418-19, 282 A.2d at 707.

The question left unanswered in *Bunter* was whether the exceptional circumstances doctrine would also allow immediate appeal when there had been a hearing below. In other words, was the exceptional circumstance the absence of a hearing or the right to speedy trial claim itself? The answer came in *Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974). There the Supreme Court explained that the absence of a hearing was the crucial factor. It said the remand in *Bunter* was necessary "in order to properly preserve the issue for subsequent appellate review." *Id.* at 319, 322 A.2d at 132. When, however, there has been a hearing, an individual's "right to

---

JONES and ROBERTS, JJ., took no part in the consideration or decision of the case, and COHEN, J., took no part in the decision of the case.

a speedy trial can be adequately protected in review following trial." *Id.* at 320, 322 A.2d at 133. Since in *Myers* there had been a hearing, the Supreme Court held the order denying the motion to quash the indictment to be interlocutory and therefore not appealable. *Accord, Commonwealth v. Barber,* 461 Pa. 738, 337 A.2d 855 (1975).

In the present case, the trial judge did hold a hearing on appellant's petition. Therefore his order, like that in *Myers,* was interlocutory.

Since the order of the lower court is not appealable as a final order, the question is presented whether it is appealable under some other section of the Appellate Court Jurisdiction Act, *supra.* Interlocutory orders are appealable when such an appeal is authorized by law, when the lower court has certified the issue involved as "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . . .", or when the appellee has waived an objection to the jurisdiction of the court. *Commonwealth v. Rucco, supra* at 249, 324 A.2d at 389; Appellate Court Jurisdiction Act, *supra* §§501(a), 501(b), 503(a), 17 P.S. §§211.501(a), 211.501(b), 211.503(a). This is not a case in which an immediate appeal is authorized by law. *Commonwealth v. Myers, supra; Commonwealth v. Barber, supra. See Commonwealth v. Rucco, supra.* Nor is it one in which the trial judge has certified the issue as a controlling issue of law. As indicated initially, however, it is a case in which the appellee has failed to object to the court's jurisdiction. We may therefore in our discretion decide the merits of the appeal. *McConnell v. Schmidt,* 234 Pa. Superior Ct. 400, 339 A.2d 578 (1975); *Commonwealth v. Rucco, supra; Davidyan v. Davidyan,* 229 Pa. Superior Ct. 495, 327 A.2d 139 (1974).

The decision whether to exercise our discretion by hearing this appeal is a difficult one. The case is ripe for

decision since the lower court has written an opinion and this court has heard argument and reviewed the briefs. Further, as Justice ROBERTS notes in his dissenting opinion in *Commonwealth v. Barber, supra,* the issue of speedy trial is collateral to the issues involved in the actual trial, so we can decide the merits of this case without fear that trial questions would be prematurely decided. In fact, if we were to reach the merits and were to decide appellant had been denied his right to a speedy trial, there would be no trial. This would reduce any pre-trial incarceration as well as any "anxiety and inhibition caused by an accusation of crime." *Commonwealth v. Barber, supra* at 742-743, 337 A.2d at 857 (1975) (ROBERTS, J., dissenting). All these considerations argue for affirmative exercise of our discretion. However, on the other side, there is the clear decision by the majority of the Supreme Court in *Myers* and *Barber* that review of the speedy trial issue should wait until after the trial. The implicit reasoning underlying that decision seems to be as follows. The purpose of the speedy trial rule is to make sure that defendants receive trials as quickly as possible both for their own satisfaction and in order to preserve the evidence so as to minimize prejudice at trial. Appeals from pre-trial orders would in many cases only retard this process. If such appeals were allowed, those defendants who had their claims for speedy trial denied by the trial court and rejected on appeal might not have a trial for a year or more. As to those defendants who have valid claims, while they may have to endure the hardship of trial, at least relief can be had after trial. Balancing these considerations, we conclude that we should not allow a defendant to appeal to this court in this type of case, even though the district attorney does not object.

The appeal is quashed and the matter is remanded for trial.

CONCURRING OPINION BY JACOBS, J.:

Although I am in full agreement with the majority that this appeal should be quashed as interlocutory, I continue to stand by my views as expressed in my opinion dissenting in part to the per curiam order entered in *McConnell v. Schmidt*, 234 Pa. Superior Ct. 400, 339 A.2d 578, *rev'd per curiam*, 463 Pa. ——, 344 A.2d 277 (1975). It remains my opinion that this Court has no power to hear interlocutory appeals not otherwise authorized by law simply because the appellee fails to object.

WATKINS, P.J., joins in this concurring opinion.