Commonwealth *v.* Griffin, Appellant.

Commonwealth *v.* Hamm, Jr., Appellant.

Commonwealth *v.* Hamm, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael B. Kean, Roger J. Ecker*, and *Peacock, Keller, Yohe & Day*, for appellants.

*William A. Mitchell*, Assistant District Attorney, and *Jess D. Costa*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 22, 1976:

On November 21, 1974 complaints were filed and appellants were arrested on charges of burglary.[1] Due to various delays trial did not commence within 180 days and accordingly on May 22, 1975 appellants filed applications pursuant to Pa.R.Crim.P., Rule 1100[2] requesting that they be discharged. On May 27, 1975 the applications were orally denied and on May 28, 1975 a written order to the same effect was issued. In the order the lower court certified that it was of the opinion that the issue involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the matter. Due to the lower court's certification we, therefore, have appellate jurisdiction over the interlocutory order pursuant to Section 501(b) of the Appellate Court Jurisdiction Act.[3] We may, however, in

---

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §3502.

2. Rule 1100(a)(2) states: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

3. Act of July 31, 1970, P.L. 673, No. 223, art. V, §501(b), 17 P.S. §211.501(b). Section 501(b) states: "Discretionary Allowance of Appeals. — When a court or administrative agency, in making an interlocutory order in a matter in which its final order would be within the

our discretion refuse to exercise this jurisdiction. *Commonwealth v. Rucco*, 229 Pa. Superior Ct. 247, 249-50 (1974). The Commonwealth does not object to our exercise of jurisdiction in this appeal but this does not decide the matter since it is within our discretion to accept the appeal. *Davidyan v. Davidyan*, 229 Pa. Superior Ct. 495, 502 (1974).

We have before us an interlocutory order concerning Rule 1100 which has been certified pursuant to Section 501(b) of the Appellate Court Jurisdiction Act. Recently, in the case of *Commonwealth v. Bennett*, 236 Pa. Superior Ct. 509, 345 A.2d 754 (1975), we were faced with a similar situation. There we had before us an interlocutory order concerning Rule 1100, the appeal from which was not objected to by the Commonwealth. We, therefore, had discretionary appellate jurisdiction pursuant to Section 503(a) of the Appellate Court Jurisdiction Act.[4] In *Bennett*, supra, we held that due to the purpose of Rule 1100, our discretionary jurisdiction should not be exercised and accordingly the appeal was quashed and the case remanded for trial. The reasoning

jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such order. A petition for an allowance of an appeal under this subsection shall not stay the proceedings before the lower court or administrative agency, unless the lower court or agency or the appellate court or a judge thereof shall so order."

4. Section 503(a) states: "The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the hearing of the appeal, or within such earlier time as may be specified by general rule or rule of court, shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provisions of this act, or of any general rule adopted pursuant to section 505 of this act, vesting jurisdiction of such appeal in another appellate court."

behind that decision was aptly stated per SPAETH, J., as follows:

"The decision whether to exercise our discretion by hearing this appeal is a difficult one. The case is ripe for decision since the lower court has written an opinion and this court has just heard argument and reviewed the briefs. Further, as Justice ROBERTS notes in his dissenting opinion in *Commonwealth v. Barber*, [461 Pa. 738, 337 A.2d 855 (1975)], the issue of speedy trial is collateral to the issues involved in the actual trial, so we can decide the merits of this case without fear that trial questions would be prematurely decided. In fact, if we were to reach the merits and were to decide appellant had been denied his right to a speedy trial, there would be no trial. This would reduce any pre-trial incarceration as well as any 'anxiety and inhibition caused by an accusation of crime.' *Commonwealth v. Barber, supra* at 742-743, 337 A.2d at 857 (1975) (ROBERTS, J., dissenting). All these considerations argue for affirmative exercise of our discretion. However, on the other side, there is the clear decision by the majority of the Supreme Court in *Myers* [457 Pa. 317 (1974)] and *Barber* that review of the speedy trial issue should wait until after the trial. The implicit reasoning underlying that decision seems to be as follows. The purpose of the speedy trial rule is to make sure that defendants receive trials as quickly as possible both for their own satisfaction and in order to preserve the evidence so as to minimize prejudice at trial. Appeals from pre-trial orders would in many cases only retard this process. If such appeals were allowed, those defendants who had their claims for speedy trial denied by the trial court and rejected on appeal might not have a trial for a year or more. As to those defendants who have valid claims, while they may have to endure the hardship of trial, at least relief can be had after trial. Balancing these considerations, we conclude that we

should not allow a defendant to appeal to this court in this type of case, even though the district attorney does not object." 236 Pa. Superior Ct. at 515-516.

In the instant case the same reasoning applies. The fact that our discretionary jurisdiction is obtained here pursuant to certification under Section 501(b) rather than on the Commonwealth's failure to object to jurisdiction under Section 503(a) of the Appellate Court Jurisdiction Act does not mandate a different result than was obtained in *Bennett*, supra. It must be kept in mind that as in *Bennett*, supra, our jurisdiction here is also discretionary and as in *Bennett*, supra, the same Rule 1100 issue is involved.

Accordingly, this appeal is quashed and the case is remanded for trial.

CONCURRING OPINION BY JACOBS, J.:

Although I agree with the majority that we can and should exercise our discretion to refuse the appeal from the interlocutory order certified to us by the court below, I must dissent from the view that this Court has discretionary appellate jurisdiction over those interlocutory appeals which are not objected to by the appellee. The majority cites *Commonwealth v. Bennett*, 236 Pa. Superior Ct. 509, 345 A.2d 754 (1975) as an example of an unchallenged interlocutory appeal over which this Court could have exercised discretionary appellate jurisdiction under §503(a) of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, art. V, §503(a), 17 P.S. §211.503(a). In that case, however, the Court declined to exercise its discretion to accept the appeal. The case in which the Court did decide to accept jurisdiction of an unchallenged appeal from an interlocutory order was *McConnell v. Schmidt*, 234 Pa. Superior Ct. 400, 415, 339 A.2d 578 (1975) (JACOBS, J., filed an opinion dissenting in part, in which WATKINS, P.J., and CERCONE, J., joined). The order in that case, however, was vacated by the Pennsylvania Supreme Court, which agreed with the dissent in this Court that

550

the appeal should have been quashed as having been from an interlocutory order. *McConnell v. Schmidt*, 463 Pa. 118, 344 A.2d 277 (1975). It is apparent therefore, that §503(a) of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, art. V, §503(a), 17 P.S. §211.503(a) cannot be used by this Court to accept interlocutory appeals, and any effort to do so in the past indicated a misconception of that section of the Act.

SPAETH, J., joins in this concurring opinion.

CONCURRING OPINION BY SPAETH, J.:

Although *Commonwealth v. Bennett*, 236 Pa. Superior Ct. 509, 345 A. 2d 754 (1975) (Opinion by SPAETH, J.) stated that interlocutory orders are appealable when the appellee has failed to object to the court's jurisdiction, the subsequent Supreme Court case of *McConnell v. Schmidt*, 463 Pa. 118, 344 A. 2d 277 (1975) has proved that contention to be in error. The *Bennett* rationale for not exercising our jurisdiction over interlocutory Pa. R. Crim. P., Rule 1100 appeals, however, remains valid and I therefore agree with the majority that the appeal should be quashed.