369 A.2d 1329

**COMMONWEALTH of Pennsylvania**

**v.**

**Edward S. LEE, Appellant (at No. 1514).**

**Appeal of Ronald LEWIS (at No. 1530).**

Superior Court of Pennsylvania.

Argued Sept. 22, 1976.

Decided Feb. 18, 1977.

Rehearing Denied March 17, 1977.

Nolan N. Atkinson, Jr., Philadelphia, for appellant at No. 1514.

Eugene H. Clarke, Jr., Philadelphia, submitted a brief for appellant at No. 1530.

Mark J. Biros, Philadelphia, with him J. Donald McCarthy, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

These appeals are taken from the refusal of the Philadelphia Court of Common Pleas (1) to dismiss the September Term, 1975 indictments against defendants Ronald Lewis and Edward S. Lee on the basis of Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix, and (2) to quash those and the November Term, 1975 indictments on the basis of *Commonwealth v. Levinson,* 239 Pa.Super. 387, 362 A.2d 1080 (1976). The lower court certified these two questions to us pursuant to the Act of July 31, 1970, P.L. 673, No. 223, Art. V., § 501; 17 P.S. § 211.501(b) (Supp. 1976), which gives this court discretion to allow an appeal from an interlocutory order when the lower court is of the opinion that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the matter.

The Rule 1100 question is an inappropriate one for resolution on interlocutory appeal. As we stated in

*Commonwealth v. Bennett,* 236 Pa.Super. 509, 516, 345 A.2d 754 (1975):

"The purpose of the speedy trial rule is to make sure that defendants receive trials as quickly as possible both for their own satisfaction and in order to preserve the evidence so as to minimize prejudice at trial. Appeals from pretrial orders would in many cases only retard this process. If such appeals were allowed, those defendants who had their claims for speedy trial denied by the trial court and rejected on appeal might not have a trial for a year or more. As to those defendants who have valid claims, while they may have to endure the hardship of trial, at least relief can be had after trial. Balancing these considerations, we conclude that we should not allow a defendant to appeal to this court in this type of case . . . ."

As Rule 1100 was formulated to protect the right to a speedy trial, the logic of *Bennett* is equally applicable here. Accordingly, we will not exercise the discretionary jurisdiction that 17 P.S. § 211.501(b) gives us in this question.

Turning to the second question certified for our determination, *Levinson,* supra, held that on the particular facts of that case the unauthorized substitution of six jurors on the January 1974 Philadelphia County Special Investigating Grand Jury [1] prejudiced the defendant and required the quashing of the indictment that was ultimately returned. The instant case involves two later actions of the same Investigating Grand Jury, with the same six additional jurors. *Levinson* is not, however, dispositive. As we said there:

"We do not here hold that every presentment of the 1974 Investigating Grand Jury which was returned after the six were added and which led to an indictment was invalid. Our holding here is based on our

1. See *In re Investigation of the January 1974 Philadelphia County Grand Jury,* 458 Pa. 586, 328 A.2d 485 (1974).

conclusion that on these particular facts the substitution was more than a mere irregularity and that its result was prejudicial to appellant. Furthermore, we note that appellant challenged the presentment prior to its submission, thus preserving his objection to its validity and his claim regarding the prejudice created thereby." 239 Pa.Super. at 405, 362 A.2d at 1090, n. 13.

Instantly, the Investigating Grand Jury handed down the first presentment recommending the indictment of appellants August 20, 1975. Both appellants were notified by identically worded letters dated August 20, 1975 that the presentment would be submitted to the indicting grand jury on or after September 2, 1975. It was submitted September 3 and an indictment was returned the same day. The second presentment in question came down on November 3, 1975, and the indictment based on it was returned November 18, 1975, the day of submission. Appellant Lewis was notified of the intended submission by letter dated November 5, 1975. Whatever notice Mr. Lee received is not within the record, but he makes no contention that he was not notified or that he did not have an opportunity to challenge the presentment prior to its submission. Appellant Lee first raised the issue with a motion to quash indictments filed on March 31, 1976; appellant Lewis followed suit on April 7, 1976.

■■ *Levinson* did not hold, and we do not now hold, that a defendant's right to challenge the composition of an investigating grand jury disappears upon submission of a presentment to an indicting grand jury. Where no statute, procedural rule or decision establishes a time limit for raising a particular objection, the rule is simply that the objection must be made within a reasonable time. Cf. *Commonwealth v. Sills*, 237 Pa.Super. 280, 352 A.2d 539 (1975). The reasonableness of a delay in objecting must be determined on a case-by-case basis.

Here we find the delay to be unreasonable. The authorization for the investigating grand jury expired December 19, 1975.[2] After that date, irregularities in the proceedings before that body were beyond the power of the Commonwealth or the court to correct. We must conclude that Lee's motion to quash three months and twelve days later and Lewis' similar motion three months and seventeen days after expiration were untimely.[3] Errors perpetuated by defense inaction cannot be the basis of a later claim for relief. As the court said in *Commonwealth v. Marlin,* 452 Pa. 380, 305 A.2d 14, 16 (1973):

> "A party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected."

The instant appellants took chances on an indictment rather than a verdict—a distinction, in this context, without a difference.

Since an issue not properly preserved for review can hardly be considered a "controlling question of law" within the meaning of 17 P.S. § 211.501, the appeals should be quashed.

It is so ordered.

PRICE and SPAETH, JJ., concur in result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

2. *See In re January, 1974 Special Investigating Grand Jury,* 238 Pa.Super. 476, 477, n. 1, 357 A.2d 633, 634, n. 1.

3. We do *not* hold that an objection will automatically be considered timely if it is made before the dissolution of the investigating grand jury.