**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN M PAINTER JR. | : | |
| Appellant | : | No. 102 MDA 2020 |

Appeal from the Order Entered December 20, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001651-2019

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JULY 23, 2020**

Appellant, John M. Painter, Jr., appeals from the December 20, 2019 Order entered in the Berks County Court of Common Pleas denying his Motion to Dismiss pursuant to Pa.R.Crim.P. 600.  We quash this appeal.

Briefly, on May 22, 2007, the Commonwealth charged Appellant with Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse ("IDSI"), and Indecent Assault arising from Appellant's abuse of his brother.  Following a June 12, 2007 preliminary hearing, the magistrate court dismissed the charges against Appellant.

On May 22, 2014, the Commonwealth charged Appellant with IDSI Person Unconscious, IDSI Person Less Than 16 Years of Age, Indecent Assault,

Incest, and Corruption of Minors[1] arising from the same facts as the earlier charges.

On October 15, 2019, Appellant filed a Motion to Dismiss pursuant to Rule 600 alleging that the Commonwealth failed to exercise due diligence in bringing the case to trial.[2] On November 1, 2019, the trial court held a hearing on Appellant's Motion and, on December 20, 2019, the trial court denied Appellant's Rule 600 Motion.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises the following issue on appeal: "Whether the trial court erred in denying the Motion to Dismiss Pursuant to Rule 600 inasmuch as more than 365 days elapsed, even after the addition of excludable time, from the date of the filing of the original Criminal Complaint to the date of the Motion to Dismiss Pursuant to Rule 600, therefore entitling Appellant [] to a discharge under Rule 600[?]" Appellant's Brief at 5.

Before we address is the merits of Appellant's issue, we consider whether this appeal is properly before us.

---

[1] 18 Pa.C.S. §§ 3123(a)(3), 3123(a)(7), 3126(a)(8), 4302, and 6301(a)(1).

[2] Appellant was a fugitive from August 11, 2014 to March 27, 2019.

[3] On March 2, 2020, this Court issued a Rule directing Appellant to show cause as to why we should not dismiss this appeal as interlocutory. Following receipt of Appellant's response, we discharged the Rule and referred this issue to the merits panel.

In a criminal case, a direct appeal properly lies from entry of the judgment of sentence. *See Commonwealth v. Pratt*, 930 A.2d 561, 562 n.1 (Pa. Super. 2007). An order denying a defendant's motion to dismiss for violation of Rule 600 is not immediately appealable. *Commonwealth v. Johnson*, 705 A.2d 830, 833 (Pa. 1998) (citing *Commonwealth v. Myers*, 322 A.2d 131, 132 (Pa. 1974) (explaining that "a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory)).

Here, Appellant has appealed from the trial court's Order denying his Rule 600 Motion to Dismiss. Because this is a non-appealable, interlocutory order, we are constrained to quash this appeal. *Myers*, 322 A.2d at 133.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/23/2020