J-S39008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| WARREN JAMES MAYO, JR. | : | No. 170 MDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001909-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| WARREN JAMES MAYO JR. | : | No. 171 MDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001910-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| WARREN JAMES MAYO JR. | : | No. 172 MDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001911-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: FEBRUARY 2, 2024**

The Commonwealth appeals from the trial court's January 25, 2023 order first granting the Motion to Reconsider ("Motion for Reconsideration") and then the Motion to Dismiss pursuant to Pa.R.Crim.P. 600 ("Rule 600 Motion") that Appellee Warren James Mayo, Jr. filed. The Commonwealth challenges the trial court's jurisdiction to reconsider its initial denial of the Rule 600 Motion as well as the subsequent grant of the Rule 600 Motion. After careful review, we vacate the trial court's grant of the Rule 600 Motion and remand for reinstatement of the charges.

**A.**

As a result of allegations that Appellee strangled and threatened his former girlfriend and, in a separate incident, stabbed her eight times and subsequently fled from police officers, the Commonwealth filed three criminal complaints against Appellee in March 2021: on March 7, 2021, at Docket Number CP-22-CR-0001911-2021 ("1911-2021"), on March 25, 2021, at CP-22-CR-0001910-2021 ("1910-2021"), and on March 26, 2021, at CP-22-CR-0001909-2021 ("1909-2021").[1] On December 2, 2022, Appellee filed a Rule 600 Motion in all three cases.

_____

[1] The record reflects that the docket numbers for the charged offenses were assigned in reverse chronological order for some unknown reason. Thus, for the complaint filed on March 7, 2021, which was docketed at 1911-2021, the Commonwealth charged Appellant with Strangulation, Terroristic Threats, Simple Assault, and Harassment. At Docket No. 1910-21, the Commonwealth charged Appellant on March 25, 2021, with Criminal Attempt-Homicide and
*(Footnote Continued Next Page)*

On December 7, 2022, the trial court held a hearing on the Rule 600 Motion and on December 13, 2022, denied it. The court then scheduled the cases for jury selection for the week of January 23, 2023.[2] On January 18, 2023, Appellee, however, filed a Motion for Reconsideration of the denial of his Rule 600 motion and on January 23, 2023, the Commonwealth filed a written objection. On January 25, 2023, the trial court granted Appellee's Motion for Reconsideration, vacating the earlier denial of the Rule 600 Motion. The trial court then granted the Rule 600 Motion and dismissed all charges, finding that the Commonwealth had violated Rule 600 by failing to bring Appellee to trial by the adjusted run date.

**B.**

The Commonwealth filed a timely Notice of Appeal. Although the trial court did not order the Commonwealth to file a Pa.R.A.P. 1925(b) statement, it filed an Opinion pursuant to Rule 1925(a).

The Commonwealth raises the following issues for our review:

Whether the trial court erred in granting Appellee's [M]otion to [R]econsider and dismissing all charges under P[a].R.Crim.P. 600 where:

_____

Aggravated Assault. At No. 1909-2021, the Commonwealth charged Appellee on March 26, 2021, with Aggravated Assault, Fleeing or Attempting to Elude a Police Officer, Accidents Involving Damage to Attended Vehicles or Property, and Driving While Operating Privilege is Suspended or Revoked.

[2] On January 9, 2023, the Commonwealth filed a Motion for Joinder on cases 1909-2021 and 1910-2021. The court heard argument on the Motion for Joinder on January 11, 2023 and eventually granted it. This issue is not before us on this appeal.

a. It did not have jurisdiction to reconsider its previous, final order dismissing the motion;

b. It did not grant [the Commonwealth] a hearing or a meaningful opportunity to address the motion for reconsideration;

c. The continuance time from 2021 was already waived by Appellee, Appellee never filed a motion to compel discovery, and such a result would contravene public policy;

d. The time from the status conference regarding Appellee's case assignments to the status conference date with the successor judge should run against Appellee where the status conference was convened at Appellee's request; and

e. The Commonwealth acted with due diligence in bringing the case to trial promptly[.]

Commonwealth's Br. at 7 (reordered for ease of disposition).

## C.

The Commonwealth first asserts that, pursuant to 42 Pa.C.S. § 5505, the trial court lacked jurisdiction to reconsider its order dismissing the Rule 600 Motion thirty-six days after entering the order. *Id.* at 15-17. In support, it maintains that "[t]he outcome of [a Rule 600] motion would have a dispositive effect, as it would end the [Commonwealth's] ability to prosecute the defendant on these specific charges[,]" so Rule 600 motions are subject to Section 5505's 30-day time limit. *Id.* at 17.

The trial court, on the other hand, determined that it had jurisdiction to grant Appellee's Motion for Reconsideration even after 30 days because its order denying Appellee's Rule 600 motion was not a final order. Trial Ct. Op., 3/30/23, at 3. We agree.

Section 5505, entitled "Modification of Orders," provides in full:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. However, the 30-day time limit only applies to final orders, not interlocutory orders. *Commonwealth v. James*, 69 A.3d 180, 186 (Pa. 2013); *Commonwealth v. Nicodemus*, 636 A.2d 1118, 1120 (Pa. Super. 1993). Generally, a final order "ends the litigation or disposes of the entire case." *Nicodemus*, 636 A.2d at 1120. Whether an order is final is a "judicial conclusion which can be reached only after an examination of its ramifications." *Id*.

Here, the trial court's initial denial of the Rule 600 Motion was not a final order because it did not terminate the cases. Rather, by denying the motion, the case proceeded to trial. In other words, an order granting a Rule 600 motion is a final order, but an order denying a Rule 600 motion is interlocutory and not final. *See Commonwealth v. Myers*, 322 A.2d 131, 132-33 (Pa. 1974) (quashing defendant's appeal from a denial of a speedy trial motion because denial was an interlocutory order not appealable until after sentencing). Therefore, Section 5505's 30-day restriction for reconsideration does not apply to reconsideration of an order denying a Rule 600 motion. The court retained jurisdiction and, thus, had the authority to rule on Appellee's

motion for reconsideration. Accordingly, we conclude that the Commonwealth's first claim lacks merit.[3]

**D.**

The Commonwealth's remaining arguments challenge the trial court's determination that the Commonwealth violated Rule 600 by failing to bring Appellee to trial by the adjusted run date. In this case, the trial court found that the adjusted run date was October 1, 2022, and since the case was scheduled for trial for January 23, 2023, the Commonwealth failed to bring Appellee to trial by the adjusted run date and, thus, violated Rule 600.

We generally review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 252 A.3d 600, 614 n.13 (Pa. 2021). "An abuse of discretion is not merely an error of judgment, but if

_____

[3] The Commonwealth also argues that the trial court erred by failing to give it "a meaningful opportunity" to address Appellee's Motion for Reconsideration. Commonwealth's Br. at 13. The Commonwealth maintains that, because it objected when Appellee made his motion, it "effectively preserv[ed] its chance to respond." *Id.* at 14. We disagree. The Commonwealth's Objection to [Appellee's] Motion for Reconsideration asserted only that the court did not have jurisdiction to modify its order pursuant to Rule 5505 which, as noted above, is unsupported by case law. The Commonwealth cites no legal authority to support its assertion that its Objection preserved "its chance to respond" to the Motion for Reconsideration. Accordingly, this issue is waived. *See* Pa.R.A.P. 2119 (a), (c) (briefing requirements); Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (holding that where an appellant fails to develop an argument sufficiently for our review, we may dismiss the appeal or find that issue waived). *See also Commonwealth v. B.D.G.*, 959 A.2d 362, 371–72 (Pa. Super. 2008) (finding issue waived where appellant failed to cite any pertinent authority to support his argument).

in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused." ***Commonwealth v. Burno***, 154 A.3d 764, 793 (Pa. 2017) (citation omitted). "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Id***. (citation omitted).

Rule 600 requires that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Known as the mechanical run date, that date may be extended under certain circumstances. ***Commonwealth v. Wendel***, 165 A.3d 952, 956–57 (Pa. Super. 2017).[4] When a defendant seeks dismissal based on a violation of Rule 600, the court first establishes the mechanical run date, then determines whether any periods of delay are excludable and if so, it extends the mechanical run date to account for the periods of excludable delay to, thus, arrive at the adjusted run date. Rule 600(C). The Commonwealth must bring a defendant to trial by the adjusted run date. ***Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa. Super. 2015).

When a defendant requests a continuance and the court grants it, the delay caused by the continuance request is not attributable to the Commonwealth and the trial court extends the adjusted run date to account

---

[4] ***See generally Barker v. Wingo***, 407 U.S. 514, 521-22 (1972); U.S. Const. amend. VI.

for the period of delay. ***Commonwealth v. Armstrong***, 74 A.3d 228, 237 (Pa. Super. 2013). Similarly, if a defendant "expressly waived his rights under Rule 600," the period of delay is excludable. ***Commonwealth v. Brown***, 875 A.2d 1128, 1134 (Pa. Super. 2005). "There are no formal requirements for a valid waiver of Rule 600; so long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded *prima facie* validity." ***Id.*** at 1135 (citations omitted).

In addition, judicial delays, which are delays caused by the court's schedule, are excludable and thus, extend the adjusted run date. ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021). Where judicial delay is at issue, however, the court must determine that the Commonwealth acted with "due diligence" in bringing the defendant to trial before extending the adjusted run date to account for the judicial delay. ***Harth***, 252 A.3d at 617-18.

Finally, delays caused by events out of the control of the Commonwealth are not generally attributable to the Commonwealth and the trial court may extend the adjusted run date to account for delays arising from events outside of the control of the Commonwealth. ***Wiggins***, 248 A.3d at 1289.

\*

Here, the mechanical run dates for cases 1909-2021, 1910-2021, and 1911-2021 were one year after the Commonwealth filed each case—March 26, March 25, and March 7, 2022, respectively. Trial Ct. Op. at 6, 10-11. After determining the amount of excludable time, the trial court calculated the

adjusted run date in all three cases to be October 1, 2022. **_Id._** Appellee filed the Rule 600 Motion on December 2, 2022. The trial court concluded that since the adjusted run date of October 1, 2022, had passed when Appellee filed the Rule 600 Motion on December 2, 2022, and the Commonwealth had not yet brought Appellee to trial, the Commonwealth violated Rule 600 and the trial court dismissed the charges. We find, however, that the trial court erred in limiting the adjusted run date to October 1, 2022.

*

The Commonwealth challenges the trial court's determination that the following four periods of delay were attributable to the Commonwealth and did not extend the adjusted run date:

1) July 13 to September 28, 2021;

2) November 4 to December 16, 2021;

3) December 16, 2021, to August 4, 2022; and

4) August 4 to October 27, 2022.

We need to address only the first two time periods of delay because we find that those periods of delay were not attributable to the Commonwealth and, thus, the trial court erred in not extending the adjusted run date to include those periods of delay. If the trial court had done so, the adjusted run date would have been the same date as the scheduled trial date of January 23, 2023.

**July 13, 2021, to September 28, 2021**

In its Rule 1925(a) Opinion, the trial court explained that it refused to extend the adjusted run date to account for this period of delay because the Commonwealth had failed to pass discovery to Appellee until 7 days before the end of this time period.[5] In particular, the trial court bifurcated this period into the time before the Commonwealth provided discovery and the period after the Commonwealth provided discovery. Trial Ct. Op. at 6-7.

The trial court, however, ignores the fact that this delay was caused by Appellee's request for a continuance on July 13 and that when he made the request, he explicitly waived his Rule 600 rights. N.T. Hr'g, 12/7/2022, at 28. Since it was Appellee who requested the continuance and his counsel acknowledged the waiver at the Rule 600 hearing, the delay was attributable to Appellee and the trial court erred in not extending the adjusted run date to include this period of delay. ***Commonwealth v. Barbour***, 189 A.3d 944, 958 (Pa. 2018).

Additionally, we note that we have found no legal authority to support the trial court's proposition that when it is a defendant who requests a continuance, the time is attributable to the Commonwealth if the Commonwealth has not passed discovery. Rather, the case law is clear that when a defendant requests a continuance, the delay caused by the

---

[5] According to the trial court, the discovery packet included "the criminal information, police report, prior criminal record, PennDOT certified driving record, and sentencing guidelines." Trial Ct. Op. at 7.

- 10 -

continuance request is not attributable to the Commonwealth and the adjusted run date must be extended accordingly. ***Armstrong***, 74 A.3d at 237. The trial court thus erred in attributing the delay to the Commonwealth and failing to increase the adjusted run date by 70 days.

### November 4, 2021, to December 16, 2021

The Commonwealth next asserts that the trial court abused its discretion when it attributed the delay from November 4, 2021, to December 16, 2021, to the Commonwealth. Commonwealth's Br. at 19. The Commonwealth argues that it was Appellee's counsel who requested the status conference that the court scheduled for December 16 as a result of her reassignment to another courtroom and that time period is, therefore, excludable. ***Id.*** at 19, 21.

The trial court rejected this argument by focusing on the Commonwealth's actions taken after the Public Defender's Office assigned Attorney Ruby to a new courtroom, which ultimately necessitated a status conference to determine which judge would hear the case.[6] In support of its conclusion that this period was attributable to the Commonwealth, the trial court explained:

---

[6] "In Dauphin County, there are four [] criminal judges. . . .[E]ach criminal judge is assigned a designated "team" of district attorneys and public defenders. When one of the "team members" switches courtrooms, some of the cases remain in the original criminal courtroom and some move to the new criminal courtroom. When there is a dispute, Judge Evans is tasked with determining which criminal judge a case should be assigned to." Trial Ct. Op.at 7, n.16.

- 11 -

> Toward the end of 2021, Appellee's counsel. . .was moved from this Court's trial team to the Honorable Judge Edward M. Marsico, Jr.'s trial team. Therefore, [Judge] Evans, as criminal calendar judge, scheduled a status conference to determine which courtroom Attorney Ruby's cases would be assigned to. (N.T. 12/7/22 at 8). At the status conference, some cases were moved to Judge Marsico and some stayed with this Court by agreement. Attorney Ruby requested that these cases be reassigned to Judge Marsico, and the Commonwealth objected.
>
> Due to the Commonwealth's objection, **Judge Evans scheduled a status conference for December 16, 2021, with [Judge] Lewis as he was transitioning to senior judge at the time and would have more availability in his schedule.** (N.T. at 35). Since the Commonwealth objected to moving the cases to Judge Marsico necessitating a status conference with Judge Lewis, this Court finds the Commonwealth failed to exercise due diligence. **Therefore, the time between November 4, 2021, and December 16, 2021, was not excludable.**

Trial Ct. Op. at 7-8 (emphasis added).

We note as an initial matter that the Commonwealth indicated that it was ready to proceed to trial in September 2021, several months before this period of time. N.T. Hr'g at 33-34. The trial court, however, ignores this fact and the fact that it was the Public Defender's office who reassigned Appellee's counsel to a new courtroom. This reassignment implicated the issue of which public defender would represent Appellee before which judge. The Commonwealth's objection to moving the case is irrelevant because it is not the Commonwealth who assigns cases to judges. These reassignment actions are out of the control of the Commonwealth and, thus, the trial court erred in attributing the time to the Commonwealth, especially in light of the fact that the Commonwealth was ready for trial in September 2021. *Wiggins*, 248

A.3d at 1289. Thus, the trial court erred in excluding this period of delay and not extending the adjusted run date by these 42 days.[7]

**F.**

In conclusion, the trial court erred in not extending the adjusted run date to include the 70 days in the time period of July 13, 2021 to September 21, 2021 and the 42 days in the time period from November 4, 2021 until December 11, 2021. The adjusted run date, at minimum, was January 23, 2023, which is the date that the court had scheduled the trial. Therefore, the trial court abused its discretion in granting the Rule 600 motion and dismissing these cases.[8] Accordingly, we vacate the Order granting the Rule 600 Motion and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

---

[7] 42 days from December 10, 2022, is Saturday, January 21, 2023. Because it is a Saturday, the adjusted run date is the next business day, Monday, January 23, 2023.

[8] As noted above, in light of our disposition, we need not address the Commonwealth's final claims, regarding the periods from December 16, 2021, to August 4, 2022 and August 4 to October 27, 2022.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2024