Commonwealth, Appellant, *v.* Greer.

Submitted November 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert L. Campbell* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellee.

OPINION BY VAN DER VOORT, J., February 27, 1975:

The instant appeal was taken by the Commonwealth following the lower court's action in sustaining a defense demurrer at the conclusion of the presentation of the Commonwealth's case. The appellee, David Greer, was charged with involuntary manslaughter after a passenger in his automobile was killed in a traffic accident. The accident in question occurred on June 2, 1972 on a bridge in Pittsburgh. The record shows that the appellee, then aged 20, was driving two young girls home from a birthday party at approximately 11:20 P.M. His sixteen year old male friend, the deceased, was sitting in the front passenger seat of the car. The two girls were seated in the back seat.

Some two blocks before the bridge, appellee, in the right lane, stopped at a red light. In the left lane, another car was stopped at the light on this 4 lane (two lanes in each direction) street. When the light turned green, both cars started towards the bridge; the speed limit was posted at 35 miles per hour. The driver of the other car testified he was driving at approximately 20-25 miles per hour. One of the female passengers testified that the appellee tried to pass by the other car, but that the other car was "moving back and forth not to let us pass him." The road narrows at the bridge entrance to one lane in each direction.

The appellee increased his speed and pulled past the other driver about a half block before the bridge—a witness stated that the other driver's bumper swerved into appellee's lane as he was passing. Appellee started swerving on the wet surface and apparently lost control as he came onto the bridge. He hit bridge barriers on either side of the bridge and spun several times before coming to a rest in the middle of the bridge. Nobody was hurt other than the male passenger, who was thrown from the car while it spun. He died from his injuries eight days later. The testimony of various Commonwealth witnesses

placed appellee's speed at anywhere between 33 and 45 miles per hour as he passed by the other car and approached the bridge.

The Commonwealth claims that evidence of speeding by appellee, together with his act of passing on the right side of the other car provide the necessary "reckless, careless or wanton" conduct necessary to support an involuntary manslaughter conviction. See *Commonwealth v. Clowser*, 212 Pa. Superior Ct. 208, 239 A.2d 870 (1968). We must disagree.

We have held that not every violation of law or unlawful act in the operation of a motor vehicle will render an operator *criminally* liable for deaths which may result. *Commonwealth v. Clowser, supra.* In *Commonwealth v. Busler,* 445 Pa. 359, 361, 284 A.2d 783 (1971), which involved an analogous situation, it was held that the defendant's driving conduct must ". . . evidence a disregard of human life or an indifference to consequences" to sustain an involuntary manslaughter conviction. We find the evidence in the instant case falls far short of that standard. While it cannot be maintained that appellee acted with caution prior to the accident, the Commonwealth's proof could not support a finding of disregard for human life or indifference to consequences.

Affirmed.

DISSENTING OPINION BY PRICE, J.:

Appellee, David Greer, was charged with involuntary manslaughter arising from the death of a passenger in his automobile. The accident occurred at approximately 11:20 p.m. on the night of June 2, 1972. At the conclusion of the Commonwealth's case, the trial court sustained a demurrer; and this is an appeal taken by the Commonwealth from the granting of that motion.

The law in this Commonwealth is well established that the test to be applied upon consideration of a defense demurrer is whether the Commonwealth's evidence and

all reasonable inferences therefrom are sufficient to support a verdict of guilty of the crime under consideration. *Commonwealth v. Carroll*, 443 Pa. 518, 278 A.2d 898 (1971).

Considering the Commonwealth's case in this light, the evidence establishes that appellee was driving an automobile in which the decedent was riding as a passenger in the front seat. Two young ladies were riding in the back seat. Two blocks prior to the accident, appellee had stopped at a red light, pulled his automobile to the right of an automobile going in the same direction and was stopped at the red light. When the light changed to green, the appellee passed the other automobile on the right-hand side, but failed to properly negotiate a narrowing of the roadway from two to one lane on the approach to the California Avenue bridge. His automobile hit the bridge abutment and perhaps swerved to the other side of the bridge and again hit the abutment before ending crossway on the bridge. The decedent was thrown from the automobile and died a few days later from his injuries. The night was dark and the roadway was wet although it was not raining at the time of the accident. Walter Johnson, the driver of the passed automobile, testified that appellee's car "... was going fast." (NT-29) Mr. Johnson at the preliminary hearing estimated appellee's speed at 40 m.p.h. Immediately after the accident, appellee gave a statement to the investigating police officers that he was going 45 m.p.h. One of the young ladies, Christine Garrity, testified "We were going fast." (NT-18) The speed limit at the stop light was 30 m.p.h.; and on the approach to the bridge, the speed limit was 35 m.p.h.

The majority, relying principally on *Commonwealth v. Clowser*, 212 Pa. Superior Ct. 208, 239 A.2d 870 (1968), and *Commonwealth v. Busler*, 445 Pa. 359, 284 A.2d 783 (1971), holds that not every violation of law or unlawful act in the operation of a motor vehicle will

render an operator criminally responsible for deaths which may result and that a driver, to be criminally responsible, must evidence a disregard of human life or an indifference to consequences. This bears out this Commonwealth's increasing awareness that a conviction for involuntary manslaughter must show some degree of culpable behavior or reckless disregard for the safety of others to sustain a conviction. Both of the cases principally relied upon by the majority were reversed after conviction on the grounds that the evidence was insufficient and neither of the cases involved the granting of a demurrer. These cases correctly state the present law of this Commonwealth, however, I do not find them persuasive or controlling in the disposition of this appeal.

In *Commonwealth v. Clowser, supra,* the only evidence presented by the Commonwealth was the appellant's failure to yield where he had a stop sign, and this court held that there was no evidence that this violation occurred recklessly or carelessly. In *Commonwealth v. Busler, supra,* the Supreme Court found from the evidence presented that there were no violations of the Motor Vehicle Code, nor any evidence of wanton or reckless conduct.

In the case here before us, testimony would support a finding that the appellee was driving in excess of the speed limit posted in the vicinity of the accident, that he was driving too fast for the existing conditions, that he illegally passed another vehicle on the right-hand side of the road and possibly, because of some confusing testimony about the other car's bumper not being fully out of the lane in which he was attempting to pass (NT-23), changing lanes without giving proper consideration to other traffic. This evidence would, to me, support a verdict of guilty of the crime of involuntary manslaughter since it would evidence a departure from prudent conduct which was a disregard of human life or an indifference to consequences.

I would, therefore, reverse the granting of the demurrer and remand the case for trial.

SPAETH, J., joins in this dissenting opinion.