422 A.2d 206

**COMMONWEALTH of Pennsylvania**

v.

**Robert D. GILLILAND, Appellant.**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Decided Oct. 10, 1980.

Lawrence L. Newton, Huntingdon, for appellant.

Stewart L. Kurtz, II, District Attorney, Huntingdon, for Commonwealth, appellee.

Before BROSKY, HOFFMAN, and CIRILLO *, JJ.

CIRILLO, Judge:

On December 20, 1978, the trial court, without a jury, found the appellant guilty of involuntary manslaughter and recklessly endangering another person as a result of a boat collision on June 20, 1978. The appellant filed motions for a new trial and in arrest of judgment. In lieu of sentence, the court released the appellant on probation for four years on the involuntary manslaughter conviction. The appellant was given a concurrent sentence of two years probation on the recklessly endangering another person conviction.

At approximately 9 o'clock p.m. on the night of accident, the appellant was fishing with his family on a lake. After deciding to return home because of impending darkness, the appellant proceeded on the lake at approximately twenty to twenty–five miles per hour. The appellant's boat was close-ly observed at a substantial distance by the decedent, Pat-rick McGill, and his family. Mrs. Helen George, the owner of the boat which the decedent was operating, was also a passenger.

A few moments before the impact, both Mrs. George and the decedent's wife screamed at the decedent to steer away from the appellant's oncoming boat. The decedent did not blow his horn nor move out of the path of the oncoming boat. Immediately prior to the impact, both the appellant and the decedent steered their boats to the right. Neither

---

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

operator turned enough to avoid the collision. The appellant's boat went over the George boat. Mr. McGill was fatally injured. The appellant stated that he did not see the George boat in a sufficient amount of time to prevent the collision.

The issues are whether the appellant's action was so negligent as to approach the level of recklessness or gross negligence required by statute for involuntary manslaughter, and whether his action constitutes reckless endangerment of the decedent.

The legal standards defining these offenses are as follows: A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person. 18 Pa.C.S.A. § 2504. 1972, Dec. 6, P.L. 1482, No. 334 § 1 eff. June 6, 1973. A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury. 18 Pa.C.S.A. § 2705. 1972, Dec. 6, P.L. 1482, No. 335, § 1 eff. June 6, 1973.

Additionally, recklessness is defined in the Pennsylvania Crimes Code as a "... conscious disregard of a substantial and unjustifiable risk ..." The risk must be of such a nature and degree that considering the nature and intent of the actor's conduct and circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. 18 Pa.C.S.A. § 302(b)(3). 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

■ In order to sustain a conviction for involuntary manslaughter, the appellant's driving conduct must "... evidence a disregard for human life or an indifference to consequences." *Commonwealth v. Greer*, 232 Pa.Super. 448, 450, 335 A.2d 770, 772 (1975). Since the appellant did not see the George boat, it cannot be maintained that he *consciously* disregarded a substantial and unjustifiable risk.

■ Although the appellant's failure to observe the George vehicle in sufficient time to avoid the collision is clearly a deviation from the standard of reasonable care, it does not rise to the level of gross negligence necessary to sustain a criminal conviction. The appellant simply failed to see the boat which the decedent was driving. There was no conscious realization of a substantial risk which was subsequently disregarded, but rather a general lack of awareness of the situation on the part of the appellant.

A case cited by the Commonwealth, *Commonwealth v. Keysock*, 236 Pa.Super. 474, 345 A.2d 767 (1976), is readily distinguishable from the case at bar. In *Keysock*, a conviction for involuntary manslaughter was sustained where the defendant was driving a car with bald tires in the rain at an excessive speed when he collided with another car and killed the driver. In the case at bar, there was no such indifference to human life. The Commonwealth did not prove which boat had the right of way or the appropriate speed limit on the lake. It was not alleged that the appellant was driving at an excessive speed or in an erratic manner.

The evidence which the Commonwealth presented is not sufficient to prove beyond a reasonable doubt that the accused is guilty of the crimes charged. *Commonwealth v. Hamm*, 474 Pa. 487, 494, 378 A.2d 1219, 1222 (1977). Therefore, the judgment of the lower court is Reversed.