## Commonwealth v. Hoover

*Claude A. Lord Shields, district attorney*, for the Commonwealth.
*John B. Lieberman, III*, for defendant.

McCLOSKEY, *J.*, November 17, 1986—Defendant has filed an omnibus pretrial motion in the nature of a writ of habeas corpus to test the sufficiency of evidence presented before the district justice who found that the Commonwealth had established a prima facie case. The matter has been submitted to the court on the transcript of the proceeding before the district justice. Briefs were filed by defendant's counsel and the district attorney's office.

At the preliminary hearing the Commonwealth offered the testimony of decedent's hunting companion. Neither decedent nor his companion were members of the hunting club where the incident took place, nor did they have permission to be on the grounds that day, and the grounds were posted. Decedent was dressed in camouflage clothes. The Commonwealth witness did not see the shooting incident; he heard only one shotgun blast.

Although defendant did not testify at the preliminary hearing, oral statements made by defendant were recounted by several Commonwealth witnesses. In these statements defendant asserted that he was a member of the hunting club and that he was also engaged in turkey hunting that day. Defendant stated that he was unaware of decedent's presence when defendant took aim at game (a turkey) which he believed had come between defendant and decedent. When defendant discharged his shotgun, decedent was caught in the line of fire. Defendant attempted to secure medical assistance but it was too late.

The prosecuting officers conducted an experiment to disprove defendant's assertion that the decedent was not standing when he was shot. No evidence was offered to support the necessary contention that defendant was aware or should have been aware of decedent's presence when defendant discharged his shotgun.

The test that the court must use to determine if a prima facie case has been produced by the Commonwealth at the preliminary hearing is similar to the criteria used by the court on a motion for new trial alleging insufficient evidence. Thus, the evidence must be such that, if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury. See Com. ex rel. Scolio v. Hess, 149 Pa. Super. 371, 27 A.2d 705 (1942).

Defendant in this case is charged with involuntary manslaughter, 18 Pa.C.S. §2504:

"A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person."

A defendant's conduct is reckless when he *consciously* disregards a substantial and unjustifiable risk that death wil result from his conduct, the risk being such that it is grossly unreasonable for him to disregard it. (Emphasis added.) Com. v. Youngkin, 285 Pa. Super. 417, 427 A.2d 1356, 1360 (1981); Com. v. Agnew, 263 Pa. Super. 424, 398 A.2d 209 (1979).

A defendant is grossly negligent when he *should be aware* of a substantial and unjustifiable risk that death will result from his conduct. The risk being such that it is grossly unreasonable for him to fail to

perceive the risk. (Emphasis added.) Com. v. LaPorta, 218 Pa. Super. 1, 272 A.2d 516, 521 (1970).

In order for a defendant's conduct to be reckless, defendant must be aware of the risk and consciously disregard a substantial and unjustifiable risk that death will result from his actions. To be grossly negligent conduct, defendant should be aware of such risk, even though he does not actually perceive it. The risk of death must be of such a nature and degree that defendant's disregard as a risk or failure to perceive it considering the nature and intent of his conduct and the circumstances *known to him*, involves a gross deviation from the standard of conduct or care that a reasonable person would observe in defendant's situation. (Emphasis added.)

The type of conduct necessary to convict a person of involuntary manslaughter is a great departure from the standard of ordinary care which is used to determine in a civil case if a person is negligent. It is this great departure over and above ordinary negligence which evidences a disregard for human life or indifference to the possible consequences of one's act. Com. v. Polimeni, 474 Pa. 430, 378 A.2d 1189 (1976). One cannot disregard a substantial and unjustifiable risk unless he is aware of all of the circumstances.

In this case, in order for the Commonwealth to sustain its burden, it must present sufficient evidence that a jury or a judge sitting without a jury would be sustained in finding defendant guilty beyond a reasonable doubt. The Commonwealth had the burden of presenting evidence of sufficient quantity and quality to prove that defendant saw the victim, or had reason to believe he was there, and still fired the shot at the turkey in complete disregard for the victim's safety. It is only in this manner

that one can evidence a disregard for human life or indifference to consequences.

The Pennsylvania Superior Court in Com. v. Gilliland, 281 Pa. Super. 344, 422 A.2d 206 (1980), a case involving a boating accident, said:

"Since the appellant did not see the George boat, it cannot be maintained that he consciously disregarded a substantial and unjustifiable risk. Although the appellant's failure to observe the George vehicle in sufficient time to avoid the collision is clearly a deviation from the standard of reasonable care, it does not rise to the level of gross negligence necessary to sustain a criminal conviction. The appellant simply failed to see the boat which the defendant was driving. There was no conscious realization of a substantial risk which was subsequently disregarded, but rather a general lack of awareness of the situation on the part of the appellant."

We find the facts strikingly similar in this case. we, therefore, must sustain defendant's motion.

## ORDER OF COURT

And now, this November 17, 1986, upon consideration of defendant's omnibus pretrial motion in the nature of a petition for writ of habeas corpus, it is hereby ordered that defendant's said motion is granted, the criminal charge is dismissed and defendant is discharged.